EMPLOYERS' INDEMNITY CORPORATION v. KIRKPATRICK et al.
(No. 6085.)

(Court of Civil Appeals of Texas. July 8, 1919. Rehearing Denied Oct. 15, 1919.)

MASTER AND SERVANT ⬡⇒375(1) — DEATH WHILE ENGAGED IN PERFORMANCE OF EMPLOYÉ'S DUTIES.

One employed by a laundry to collect and deliver, and to collect the charges on delivery, who, though he had turned in his wagon at night, was on his way to a customer's residence to collect a laundry bill when he was killed by an automobile, was at the time engaged in the performance of his duties, within the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz).

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by Mrs. Dora Kirkpatrick and others against the Employers' Indemnity Corporation. From judgment for plaintiffs, defendant appeals. Affirmed.

Pat M. Neff, of Waco, for appellant.
Albert C. Johnston, of Waco, for appellees.

KEY, C. J. The nature and result of this suit was sufficiently indicated by the trial judge's findings of fact and conclusions of law, which are as follows:

"Findings of Fact.

"(1) The court finds that H. M. Kirkpatrick sustained injuries in the city of Waco, McLen-

nan county, Tex., on the 16th day of November, 1917, resulting in his death.

"(2) The court finds that the said H. M. Kirkpatrick, at the time he received said injuries, was in the employ of M. Collins, proprietor of the Artesian Steam Laundry.

"(3) The court finds that the said M. Collins, proprietor of the Artesian Steam Laundry, was on the last date aforesaid a subscriber under the Workmen's Compensation Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), and as such carried a valid contract of insurance against liability with the Employers' Indemnity Corporation, the plaintiff in this case.

"(4) That Dora Kirkpatrick was the wife of H. M. Kirkpatrick, deceased, and that Ruby Alice Kirkpatrick, age eight years, Wray Kirkpatrick, age seven years, and Judson Kirkpatrick, age five years, minors, are the children of H. M. Kirkpatrick, deceased, and as such are the surviving legal beneficiaries.

"(5) That Albert C. Johnston, an attorney at law, was employed by the surviving and legal beneficiaries of the said H. M. Kirkpatrick, deceased, to represent them in this cause, and that the said Albert C. Johnston did represent said beneficiaries in said suit and agreed to receive one-fourth of the recoveries herein as attorney's fee in lieu of a one-third assignment thereof.

"(6) The court further finds that the said H. M. Kirkpatrick, deceased, put his horse and laundry wagon in the Palace stables about 7 o'clock p. m. on the day last aforesaid, same being the place where the said Kirkpatrick was accustomed to keep said horse and laundry wagon overnight, and that while the said H. M. Kirkpatrick, deceased, was on his way home, and while performing his duties of employment, he was struck by an automobile about 8:30 o'clock p. m., at the corner of Ninth and Clay streets in the city of Waco, as aforesaid.

"(7) The court further finds that the said H. M. Kirkpatrick, deceased, was not under the influence of intoxicating liquors at the time he received the injuries resulting in his death.

"(8) The court further finds that manifest hardship and injustice would result to the legal beneficiaries of the said H. M. Kirkpatrick, deceased, unless the plaintiff herein redeems itself from liability by the payment of a lump sum.

"Conclusions of Law.

"1. The court concludes, as a matter of law, that the said H. M. Kirkpatrick, deceased, was covered by the policy of indemnity insurance issued by the plaintiff herein to M. Collins, proprietor of the Artesian Steam Laundry, and in force on the 6th day of November, 1917, and that the plaintiff, Employers' Indemnity Corporation, would be liable to the legal beneficiaries of H. M. Kirkpatrick, deceased, for injury received on the last date aforesaid resulting in his death, provided the said H. M. Kirkpatrick was acting in the course of his employment at the time he received said injuries.

"2. The court concludes, as a matter of law, that the said H. M. Kirkpatrick was acting in the course of his employment at the time he received the injuries, on November 6, 1917, resulting in his death.

"3. The foregoing constitutes the court's find-

ings of fact and conclusions of law in the above numbered and entitled cause."

### Opinion.

Appellant's main ground relied upon for reversal is based upon the contention that, at the time of his death, H. M. Kirkpatrick was not acting within the course of his employment. He was employed for the purpose of collecting and delivering laundry, and collecting the charges when laundry was delivered. Notwithstanding the testimony tending to show that the laundry had a rule prohibiting deliveries when charges were not paid, there was other testimony tending to show that the rule was often disregarded. In this case, while the proof shows that Kirkpatrick had turned in the wagon which he used for the purpose of delivering laundry, it also shows that, as he and other employés frequently did, he was on his way to the residence of a customer for the purpose of collecting a laundry bill at the time he sustained the injury which resulted in his death; and therefore we agree with the trial court in the holding that he was at that time engaged in the performance of his duties as an employé.

No reversible error has been shown, and the judgment is affirmed.

Affirmed