**SOUTHERN SURETY CO. v. LUCERO.**
(No. 1039.)

(Court of Civil Appeals of Texas. El Paso. Jan. 8, 1920. On Motion to Correct and Reform Judgment. Jan. 29, 1920.)

1. MASTER AND SERVANT ☞416—WORKMEN'S COMPENSATION; DECREE OF INDUSTRIAL ACCIDENT BOARD FINAL.

Decree of the Industrial Accident Board is final as to all issues and controversies, both as to law and fact, where no action has been taken by either party to set aside the final ruling and decision of the board.

2. MASTER AND SERVANT ☞348—WORKMEN'S COMPENSATION GOVERNED BY LAW EXISTING AT TIME OF ACCIDENT.

Where insurance policy was issued to employé and accident occurred while Acts 33d Leg. (1913) c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h to 5246zzzz), was in force, and prior to amendment thereof, by Acts 35th Leg. (1917) c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), the rights of the parties were governed by the provisions of the former statute in view of the latter statute, part 4, § 3b, employé having no right under the statute as amended to judgment for installments not due or to recover a penalty or attorney's fee upon insurer's nonpayment of the matured installments.

3. MASTER AND SERVANT ☞348—RIGHTS OF EMPLOYÉ AND INSURER FIXED BY LAW EXISTING AT TIME OF ACCIDENT.

Where employé was injured while Acts 33d Leg. (1913) c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h to 5246zzzz), was in force, and prior to amendment thereof by Acts 35th Leg. (1917) c. 103 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), the rights of employé and insurer were fixed by the law as it existed prior to amendment, though employé presented his claim to the Industrial Accident Board after the amendment took effect.

On Motion to Correct and Reform Judgment and Retax Costs, Etc.

4. MASTER AND SERVANT ☞420—COSTS PROPERLY ADJUDGED AGAINST APPELLANT RESISTING PAYMENT OF AWARD UNDER WORKMEN'S COMPENSATION ACT.

Where insurer, without appealing from award of Industrial Accident Board awarding employé certain sum per week for certain number of weeks, refused to make payment of the weekly amounts as they became due until the sum of $306 had become due, and where upon employé's action on award it sought to have award set aside, appellate court, on insurer's appeal from judgment for $950, properly adjudged costs against insurer, though it reduced judgment to the sum of $245.50, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 2046, providing that appellant shall recover costs if judgment on appeal is for an amount less than lower court's judgment; the court, under the circumstances having "good cause" to "adjudge the costs otherwise" under article 2048.

Appeal from El Paso County Court, at Law; W. P. Brady, Judge.

Suit by Jesus Lucero against the Southern Surety Company. Judgment for plaintiff, and defendant appeals. Affirmed as reformed.

Burges & Burges and E. F. Cameron, all of El Paso, for appellant.

A. S. Thurmond, of El Paso, for appellee.

WALTHALL, J. This suit was brought by Jesus Lucero, appellee, on April 4, 1919, against appellant, Southern Surety Company, based upon an award made by the Industrial Accident Board on June 19, 1918, upon a policy of insurance, in which that board, after its several findings, among them that appellee had sustained a permanent partial incapacity to work, rendered its judgment that appellant pay unto appellee in full settlement and satisfaction of his claim for compensation for injuries sustained by him September 4, 1916, a weekly compensation of $2.25 payable weekly as the same accrues, for a period of 300 weeks, beginning November 27, 1916. Appellee alleged that 109 weekly payments of $2.25 each of the award, amounting to $245.50, was then past due, and that no part of said award had been paid, and asked judgment for the sum of $675, the full sum of said award, with 12 per cent. of said award additional and $150 attorney's fee, making the total sum sued for $950.

The case was tried before the court without a jury, and judgment was rendered for appellee for $950.

---

Appellant presents several assignments of error arising upon the overruling of its general demurrer and special exceptions, to the effect that the petition shows that the award of the Industrial Accident Board was made upon a policy of insurance issued prior to and upon an accident happening prior to the passage of chapter 103, passed by the Thirty-Fifth Legislature (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), amending chapter 179 of the Acts of the Thirty-Third Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h to 5246zzzz); that the petition undertakes to set up in appellee a right to mature the whole of the award of the Industrial Accident Board because of a failure of appellant to pay the weekly installments thereunder; and that the facts alleged are insufficient in law to show such right. For the reasons stated, it is further insisted that it was error to render judgment against appellant for 12 per cent. penalty on the amount of the award, and attorney's fee. Errors similar to the above are assigned, but we think the above sufficient to present the questions raised.

Appellee's contention is to the effect that the act amended by the act of the Thirty-Fifth Legislature was in force on June 19, 1918, when the case was heard and determined by the Industrial Accident Board, and that the trial by the board was in conformity to and under the provisions of the amended act, and that appellant, being a party to that action and properly before the board, is bound by the judgment rendered.

We do not understand appellant's contention here to be that it is not bound for the full amount of the award of $2.25 per week for 300 weeks, beginning with November 27, 1916, as the weekly payments fall due and as awarded by the board, but that its policy of insurance having been issued and the injury to appellee having happened prior to the passage of the act of the Thirty-Fifth Legislature, the liability for the accident to appellee would arise under and be controlled wholly by the act of the Thirty-Third Legislature, the law and the schedules of compensation of indemnity in force at the time its policy of insurance was issued, and at the time of the accident to appellee, and that the law conferring upon claimants for compensation the right to mature installments for compensation yet to become due because of failure of the insurer to pay installments of insurance past due, and of appellee's right to the penalty and attorney's fees not being a part of the law of this state at the time of the issuance of the policy, nor at the time of the accident to appellee, appellee would not have the right to mature the payments not due, and would not have the right to recover the penalty and attorney's fees as provided under the subsequently enacted law.

[1] All issues and controversies, both as to law and fact with respect to the original cause of action, were finally determined by the decree of the Industrial Accident Board; no action having been taken by either party to set aside the final ruling and decision of the board.

The act of the Thirty-Third Legislature, c. 179, does not provide a means or procedure by which the board or the courts are given jurisdiction to enforce the awards made by the board as a final judgment, nor does the act provide for maturing weekly payments not due, nor fix a penalty for a nonobservance of such awards, nor provide for the payment of attorney's fees in the event suit is brought to enforce the payment of the award. The act of 1917, Thirty-Fifth Legislature, c. 103, provides a means and procedure by which the courts are given jurisdiction on questions arising under said act, and on the happening of the contingencies set out in section 5a, p. 2, in a suit on failure of the insurer to make prompt payments indicated in the award of the board as they mature, and on a failure to make such payments to mature the entire claim with 12 per cent. as damages upon the amount of compensation so recovered, with a reasonable attorney's fee.

[2] It seems clear that unless the provisions of the act of the Thirty-Fifth Legislature can be invoked and made to apply, appellee would have no right to sue upon installments of the award of the board which had not matured, or recover a penalty or attorney's fee because of a failure of appellant to pay matured installments. New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58. The question then is presented: Do the provisions of the act of the Thirty-Fifth Legislature apply? We think the question is settled by the act itself, by section 3b, pt. 4, of the act. The section reads:

"No inchoate, vested, matured, existing or other rights, remedies, powers, duties or authority, either of an employé or legal beneficiary, or of the board, or of the association, or of any other person shall be in any way affected by any of the amendments herein made to the original law hereby amended, but all such rights, remedies, powers, duties and authority shall remain and be in force as under the original law just as if the amendments hereby adopted had never been made, and to that end it is hereby declared that said original law is not repealed, but the same is, and shall remain in full force and effect as to all such rights, remedies, powers, duties and authority; and further this act in so far as it adopts the law of which it is an amendment is a continuation thereof, and only in other respects a new enactment."

[3] We are of the opinion that the rights of both parties hereto are fixed and limited by the law as it existed at the time of the accident to appellee, otherwise the section of the act above quoted would seem to have no application. If we are not in error in the construction we place upon the above-quoted section of the act of the Thirty-Fifth Legis-

lature, in limiting both insurer and insured to the law in force at the time of the accident, it would seem to be immaterial whether appellee presented his claim to the board before or after the act of the Thirty-Fifth Legislature was in force, as the board would necessarily make its award under the law in force at the time of the accident. The issuance of the policy of insurance followed by the injury created the liability, and the rights of appellee and the liability of appellant became established under the facts and schedules of compensation under the law as each then were, and there is nothing in the final award by the board to indicate that same was not made under the acts of the Thirty-Third Legislature.

We think the portions of appellee's petition seeking to mature weekly payments not then due, and seeking to recover, as damages, 12 per cent. thereon additional, and attorney's fees, were amenable to the exceptions made, and that it was error to overrule them, and that there was error in awarding judgment and execution for installments not then due, and for 12 per cent. thereon and attorney's fees. The judgment is reformed by eliminating all that portion thereof save and except for the $245.50 due and unpaid at the time of the judgment, and interest thereon, and execution therefor, with costs of this appeal, which action is taken without prejudice to the right of appellee to sue for and recover such installments of weekly payments, and interest as they mature. To the extent as above indicated, the judgment is reformed, and, as reformed, affirmed.

On Motion to Correct and Reform Judgment and Retax Cost and to State of Record Cause for Adjudging Cost against Appellant.

On motion of appellee, our attention is called to an error apparent in the judgment in which we say:

"The judgment is reformed by eliminating all that portion thereof save and except for the $245.50 due ánd unpaid at the time of the judgment."

An inspection of the record discloses that, at the time of the rendition of the judgment in the trial court, $306 was due and payable to appellee, that is, pay for 136 weeks at $2.25 per week, as awarded by the Industrial Accident Board. Our judgment, as stated in the opinion, is here so corrected and re-formed as to have the judgment of this court to recite the sum of $306 as due and unpaid at the time of the rendition of the judgment in the trial court and interest as stated on the $306 from the date of judgment in the trial court.

[4] Also, appellant by motion to retax the costs shows that, without stating a cause on the record, the judgment as affirmed is for a less amount than the judgment in the county court at law, and insists that it is entitled to recover costs of this appeal under article 2046, Vernon's Sayles' Civil Statutes. Article 2048, Vernon's Sayles' Civil Statutes, provides that the court may, for good cause, to be stated on the record, adjudge the costs otherwise than as under article 2046. We did adjudge the costs otherwise than as provided in said article, but did not state the cause of record. If above articles apply to appellate courts, we say: The Industrial Accident Board, on a hearing at which appellant was a party, awarded appellee the sum of $2.25 per week for 300 weeks on account of 50 per cent. permanent partial incapacity for work. Without having taken an appeal from the action of the Accident Board, appellant refused to make payment of the weekly amounts as they became due and payable until the sum of $306 at the time of the trial had become due, and on the trial sought to have the award set aside and held for naught. It occurred to this court on the trial on the appeal, and does now on the hearing on this motion, that appellant's refusal to pay the weekly amounts awarded as they fall due was and is arbitrary and without good reason. No suggestion of a valid defense against the payment of the weekly amounts as they become due, as awarded, appears on the record. Appellant's failure and refusal to pay said award necessitated the suit by appellee to recover the amounts then due. These facts appear to this court to be "good cause" for taxing the costs of this appeal against appellant.

The part of the motion to retax is overruled, and the part suggesting that we state on the record cause to adjudge the cost otherwise than as provided under article 2046, is sustained. Except to correct the statement of the amount due appellee at the time the judgment was rendered in the county court at law, as above, and to state of record cause to adjudge the costs against appellant, the judgment as occurring in the opinion remains as there written.