## SOUTHERN SURETY CO. v. HENDLEY.

(Court of Civil Appeals of Texas, Galveston. Nov. 18, 1920. Rehearing Denied Dec. 16, 1920.)

1. **Master and servant** ⬥417(5)—**District court reviewing decision on compensation claim has jurisdiction to try issues of disability and right to lump sum settlement.**

Under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), district court, on appeal from a judgment of the Industrial Accident Board refusing to commute weekly payments into a lump sum, has jurisdiction to try the questions of totality and permanence of injury as well as the right to lump sum payment, presented as issues before the board.

2. **Master and servant** ⬥417(5)—**Industrial Accident Board cannot, by making contingent judgment for compensation, deprive district court of jurisdiction on appeal.**

The Industrial Accident Board cannot, in refusing to commute weekly payments into a lump sum, deprive the district court of jurisdiction by making the judgment contingent and providing that further applications for commutation into a lump sum may be made.

3. **Master and servant** ⬥420—**Costs properly adjudged against appealing compensation insurer.**

Where an insurer appealed from a judgment of the district court reversing a judgment of the Industrial Accident Board refusing to commute weekly payments into a lump sum, the costs of suit were properly adjudged against appellant.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Proceedings under the Workmen's Compensation Act by G. T. Hendley against the Midland Bridge Company, the employer, and the Southern Surety Company, insurance carrier. Compensation was awarded by the Industrial Accident Board, and from a judgment reversing a denial of an application for payment in a lump sum on claimant's appeal to the district court the insurance company appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Guynes & Colgin and L. H. Kenner, all of Houston, for appellee.

LANE, J. In a claim of appellee properly pending before the Industrial Accident Board of Texas, said board found that the questions involved had not been settled by agreement of the parties, and further found as follows:

"(1) That on the 12th day of June, 1918, the Midland Bridge Company was a subscriber to the Employers' Liability Act, and on said date carried a policy of insurance with the Southern Surety Company.

"(2) That on said 12th day of June, 1918, G. T. Hendley was an employé of said Midland Bridge Company, and as such employé was covered by said policy of insurance.

"(3) That on said date and while in the course of his employment the said G. T. Hendley sustained an injury to his back and head in the manner and to the extent set down in the report of accident, claim compensation and other papers now of record in this case.

"(4) That as a result of said injuries the said G. T. Hendley became totally incapacitated for work from and after the 12th day of June, 1918, and such total incapacity still exists and will continue in the future for an indefinite period of time.

"(5) That the average weekly wage of the said G. T. Hendley at the time of and prior to sustaining said injuries was $37.50, and he is therefore entitled to compensation, during the period of total incapacity, at the maximum rate of $15 per week.

"That the application for a lump sum settlement should be denied, without prejudice to the claimant or to any subsequent relief of said application."

And upon such finding ordered and adjudged as follows:

"It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the said G. T. Hendley do have and recover of, from, and against the Southern Surety Company, in full settlement of his claim against said company, a weekly compensation at the rate of $15 from and after the 20th day of June, 1918, up to and including the date of this order, and continuing thereafter during the existence of such total incapacity and until and unless altered, changed, modified, and terminated by subsequent amicable agreement between the said G. T. Hendley and the Southern Surety Company, within the provisions of the Employers' Liability Act, and until and unless altered, changed, or modified by subsequent award, order, judgment, or decree of this board; provided that the period covered by such compensation shall in no event exceed 401 weeks from and after June 12, 1918, and that said Southern Surety Company be credited with any and all amounts that they may have heretofore paid on this compensation.

"It is further ordered, adjudged, and decreed by the Industrial Accident Board that the application for a lump sum settlement filed hereby by the claimant be at this time denied, without prejudice to the claimant and without prejudice to subsequent application therefor."

Within 20 days after the rendition of said order and decision the claimant gave to the adverse party and said board notice that he would not abide by such ruling and decision, and within 20 days after giving such notice he brought this suit in the Fifty-Fifth district court of Harris county against the Southern Surety Company, alleging, in substance, that plaintiff was, at the time of the injury complained of, an employé of the Midland Bridge Company, a subscriber under the provision of the Employers' Liability Act of Texas, and that said Bridge Company was the holder of a policy of insurance issued by the Southern Surety Company providing for payment of compensation to injured employés under the terms and provisions of the Texas Employers' Liability Act; that he had been permanently injured and incapacitated in the course of his employment; that he had complied with all the requisites of said act, and had in due and proper time and manner applied to the Industrial Accident Board for an award for his said injuries; that said board had made for him the award as hereinbefore shown. He further alleged that he was dissatisfied with such award, in that said board denied his application for a lump sum settlement of the amount awarded. He prayed for a decree setting aside the ruling and decision of said Accident Board, and for a recovery against the Southern Surety Company for the full amount of his claim in a lump sum.

The defendant Southern Surety Company answered by general demurrer and general denial.

Plaintiff's attorney intervened and prayed for one-third of any award made to the plaintiff as attorney's fee.

The cause was tried before a jury upon special issues, in response to which they found as follows: (1) That plaintiff suffered a total incapacity as a result of the injuries received; (2) that such total incapacity will continue permanently; (3) that the award made by the Industrial Accident Board would result in a manifest hardship and injury to the plaintiff; (4) that a reasonable sum for the attorney's fee in this cause is $1,000.

The court thereupon rendered the following judgment:

"It appearing to the court from the foregoing verdict of the jury that the plaintiff would suffer manifest hardships and injustice would otherwise result if a lump sum settlement were denied him, and that this is a special case where a lump sum payment should be made, the court is of the opinion that the plaintiff, G. T. Hendley, is entitled to recover herein against the Southern Surety Company; and it further appearing to the court that the defendant, after the occurrence of the injuries to the plaintiff herein, paid said plaintiff the sum of $360 and that said defendant is entitled to such credit; and it appearing to the court that the sum of $570, at the rate of $15 per week, became due the said plaintiff by the said defendant to the date of trial, and that said plaintiff is entitled to recover such amount together with legal interest from date hereof; and it further appearing to the court that from date of trial there was yet to mature, and owing to said plaintiff by said defendant, the sum of $5.085, representing 339 weeks at the rate of $15 per week, and that in order to arrive at a lump sum payment hereof the same should be discounted at the rate of 6 per cent. per annum:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, G. T. Hendley, do have and recover of the said defendant Southern Surety Company the sum of $570, with 6 per cent. interest, as aforesaid, as amount owing said plaintiff as past-due installments; and it is further ordered, adjudged, and decreed that the plaintiff, G. T. Hendley, do have and recover of the said Southern Surety Company in a lump sum the amount of $4,251.17, with legal interest, together with all costs of court; that it is further ordered, adjudged, and decreed that Guynes & Colgin and L. H. Kenner, as attorneys for said plaintiff, be awarded the sum of $1,000 as against said plaintiff as attorney's fees out of the amount herein recovered by plaintiff."

The Southern Surety Company has appealed, and by its first and second assignments insists that the court erred in refusing its request for an instructed verdict in its favor and in rendering judgment for appellee for reasons: First, "because the court was without jurisdiction to modify the award of the Accident Board in respect to the matter of a lump sum commutation of the weekly payments"; second, because the ruling and decision of the Accident Board was not a final decree, but, to the contrary, by its provisions it leaves open the opportunity for the claimant to present a later application for a lump sum settlement, and, there being no final decree rendered by the Accident Board, no jurisdiction would lie in the district court to adjudicate the issue attempted to be presented; and, third, that, since there was no controversy between the parties except the demand of appellee for a lump sum settlement, there was no basis for jurisdiction of the district court to try the issue sought to be presented.

[1] We cannot agree to any of these contentions. By the pleadings of the parties and the evidence the question of totality and permanence of injury, as well as the right to a lump sum settlement, were presented as an issue, and we think the district court had jurisdiction to try any one or all such issues. It is provided by the Workmen's Compensation Act (General Laws of Thirty-Fifth Legislature, pp. 269–294 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91]):

"In cases where death or total permanent incapacity results from any injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created. This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified; provided, however, that in special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board." Part 1, § 15.

"All questions rising under this act, if not settled by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association if the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this act."

Again:

"If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto." Part 2, § 5.

We are of the opinion that by this act the district court was empowered to take cognizance of and try the cause as presented by the pleadings, and, under the pleadings and evidence and the findings of the jury, to render the judgment it did render. We cannot believe that it was the intention of the Legislature to vest in the Accident Board the power to destroy or suspend the jurisdiction conferred upon the district court by the act in question, by making a ruling and decision

such as the one under discussion, which may not become conclusive until the expiration of the time for which the claimant is authorized to draw a weekly award, for, if such decision has the effect to suspend the jurisdiction of the district court indefinitely, it may entirely destroy such jurisdiction and thereby leave undetermined the question of the totality and permanence of the injury as well as the right of the claimant to a lump sum settlement.

[2] The claimant was demanding at the hands of the Accident Board that it find that he was totally incapacitated and that such total incapacity would continue permanently. He also asked that the board find that he was, at that time, entitled to a lump sum settlement. These prayers were finally refused and a contingent judgment entered. As before said, we are of the opinion that the Industrial Accident Board cannot, under law, deprive the district court of its jurisdiction, by deciding and rendering its award for the time being only and subject to modification. If it can do this, it may, by repeated judgments of like character, forever close the doors to an appeal to the tribunals provided by law. The appeal for the purpose of seeking relief in the form of a lump sum settlement is a great right; to deny an appeal by rendering an award for the time being only would be to destroy the spirit of the law, while the injured employé would be groaning under harsh and oppressive conditions and suffering injustice by having his appeal adjudicated away by the Industrial Accident Board, which would hold within its hands the power to grant or deny it; this right to an appeal is fixed by law and not by order of the Industrial Accident Board. When the question involves one of manifest injustice, the holding in abeyance the relief prayed for by temporary order would be subversive of the very intention of the law, its spirit, and purpose, and the object sought to be accomplished by the law would become impossible of attainment. U. S. Fidelity & Guaranty Co. v. Davis, 212 S. W. 239, at page 243.

In the case cited the Accident Board qualified its award by stating that it was subject to modification or termination in accordance with the provisions of the Workmen's Compensation Act, and on appeal to the district court it was held that it had acquired jurisdiction of all issues involved in the case. On appeal to the Ft. Worth Court of Civil Appeals, the court said:

"The act does not specifically vest in a court trying such a case as this the power given to the Industrial Accident Board by section 15, pt. 1, copied above, to approve any agreed lump sum settlement, nor the power given that board by section 12d, copied above, to review, terminate, diminish, or increase an award of compensation previously made, but we are of the opinion that the court is, by implication, vested with such power, in view of the provision of section 5, pt. 2, p. 283, of the act, to the effect that, 'whenever such a suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act.' "

We deem it unnecessary to pursue this discussion further. Assignments 1 and 2 are overruled.

[3] We overrule the third and last assignment, as we think the court properly adjudged the costs of this suit against appellant.

The judgment is affirmed.

Affirmed.