## NORWICH UNION INS. CO. v. CHANCELLOR. (No. 916—5003.)*

Commission of Appeals of Texas, Section B. April 25, 1928.

1. Master and servant ⚫➡417(5)—Compensation claimant in insurer's action to set aside award must prove employment on which he predicates right (Workmen's Compensation Act).

Under Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.), compensation claimant in action by insurer to set aside award, has the burden of proving that he was an employee of the original contractor; it being on this theory only that he predicated his right of recovery in any event.

2. Appeal and error ⚫➡930(3)—Vital issue, not being one of those submitted in trial to jury on special issues, was waived, and cannot be presumed found by trial court to support judgment.

The issue of employment of compensation claimant by the original contractor being vital in action by insurer to set aside award, it being on the theory of such employment that claimant predicated his right of recovery in any event, and not having been submitted to the jury among the special issues, was waived, and so cannot be presumed found by the trial court in such way as to support the judgment.

3. Appeal and error ⚫➡930(3)—Where special issue to jury was in part submission of another not answered, court would be presumed to have found other in support of judgment.

Where the submission to the jury of the special issue of whether M. was an independent contractor was in effect in part a submission of the issue whether compensation claimant was an employee of W., the latter issue, not being answered by the jury, would be presumed found by the trial court in such a way as to support the judgment.

4. Trial ⚫➡352(5)—Submission of special issue of independent contractor held not to necessarily involve submission of compensation claimant being original contractor's employee.

Submission in insurer's action to set aside compensation award to claimant as employee of W. of special issue, whether M. was an independent contractor under W. the original contractor, did not necessarily involve submission of whether claimant was W.'s employee, as it would not follow if M., through whom claimant was employed, was not an independent contractor, that he was an agent of W. to employ claimant, as he may have been a mere employee of W. and as such merely have done the work for him.

5. Principal and agent ⚫➡3(1)—Contract is not conclusive of relations of parties as against one not party thereto.

On the issue of whether M. was an agent of W., with authority to employ C., or a mere employee of W., contract between M. and W. is not conclusive on that issue against C.; he not having been a party to the contract.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by the Norwich Union Insurance Company against W. A. Chancellor. Judgment for plaintiff was reversed by the Court of Civil Appeals (2 S.W.[2d] 495), and plaintiff brings error. Reversed, and judgment of trial court affirmed.

Garrett, Brownlee & Goldsmith, of Austin, for plaintiff in error.

King & York, of Austin, for defendant in error.

SPEER, J. The case is thus stated by Justice Blair of the Court of Civil Appeals (2 S. W.[2d] 495):

"Appellee sued in the manner provided by statute to set aside an award of the Industrial Accident Board in favor of appellant for loss of an eye, which, he alleged, resulted from an injury sustained while in the employ of H. E. Wattinger, who was under contract to construct three buildings in connection with the State Feeble-Minded Colony, at Austin, and insured at the time by appellee, under provision of the Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq.). Appellee resisted the claim and pleaded that Wattinger sublet the particular work at which appellant was engaged when injured to one J. R. Morris, an independent contractor, who employed appellant, and therefore he was not covered by the policy issued by appellee to Wattinger. Appellant replied that, if Wattinger sublet the work, which he denied, he still retained control of it, and that Morris and all his employees were under orders and control of Wattinger in doing the actual work of construction, and further pleaded that the contract between Wattinger and Morris was made in fraud of his right to compensation.

"The jury was asked to find, first, if Morris was an independent contractor; and, second, if the contract between Wattinger and Morris was executed in fraud of appellant's right to compensation. The jury answered the first issue in the affirmative, and the second in the negative, and upon these answers the court rendered judgment for appellee."

The Court of Civil Appeals reversed the judgment and remanded the cause for another trial upon the grounds that the trial court erred in placing the burden upon the defendant, W. A. Chancellor, to show by a preponderance of the evidence that Morris was not an independent contractor, and that the explanation accompanying the charge, defining the effect of the contract between Wattinger and Morris with respect to the issue of independent contractor, was erroneous. 2 S.W.(2d) 495.

We are of the opinion the judgment of the trial court should have been affirmed by the Court of Civil Appeals for the following reasons:

[1-5] Under the Workmen's Compensation Act it was indispensable that defendant in error prove that he was an employee of Wattinger, the original contractor with the board

of control. It was upon this theory only that he predicated his right of recovery in any event. Now this issue was under the evidence a contested one. It was denied by the plaintiff in error that Chancellor was an employee of Wattinger, and on the contrary it was alleged that he was an employee of Morris, who was an independent contractor under a subcontract with Wattinger. There was evidence to support these respective contentions. This vital issue of whether or not defendant in error was an employee of Wattinger was not submitted by the court, nor was it requested by either party to be submitted. Under these circumstances, such issue was waived, and the presumption cannot be indulged that the trial court found it in such way as to support his judgment. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S. W.(2d) 591. If it should be that the submission of the issue whether or not Morris was an independent contractor was in effect in part a submission of the issue of whether or not defendant in error was an employee of Wattinger, so as to preclude the inference of waiver of the latter issue, then under the statute as interpreted, by the authorities above cited the trial court will be presumed to have found such latter issue in such a way as to support his judgment. But the submission of the issue of independent contractor did not necessarily involve the submission of the issue of employee or not. It would not follow that, if Morris was not an independent contractor, then he was the agent of Wattinger, to employ Chancellor. He may have been a mere employee himself. The contract between Wattinger and Morris was not conclusive upon that issue, since Chancellor was not a party to it. So that, in any event, the judgment of the trial court should have been affirmed as conclusively finding against defendant in error on the indispensable issue of his being an employee of Wattinger.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.