MARYLAND CASUALTY CO. v. LONG.
(No. 3564.)

Court of Civil Appeals of Texas. Texarkana.
Aug. 15, 1928.

On Rehearing Oct. 4, 1928.

Rodgers & Rodgers, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

HODGES, J. In September, 1926, the appellee, Long, while crossing a public highway in the city of Texarkana, was struck by a passing automobile and injured. He was at the time an employee of the United States Glass Company, who carried an insurance policy with the appellant under the terms of the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). After the injury Long filed with the Industrial Accident Board a claim for compensation. His claim was disallowed, and he filed this suit to set aside the order of the board. This appeal is from a judgment in his favor for the lump sum of $3,909.21.

The court submitted only one issue to the jury, which was the following:

"Do you believe from the evidence that the plaintiff, Willie Long, on or about September 17, 1926, sustained an injury in the course of his employment as a laborer for the United States Glass Company?"

To which the jury answered, "Yes." As explanatory of the above question, the court added:

"To aid you in answering the foregoing issue, you are instructed that by the words 'injury sustained in the course of his employment' is meant all injuries having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

One of the errors assigned is that the verdict is not supported by the evidence. Long testified, in substance, that at the time of his injury he was working for the United States Glass Company. He was making $3 a day, and working seven days a week. He went to work at 4 o'clock in the afternoon, and worked until midnight. He testified:

"At the time I received this injury, I was going by to call a man, Will Davis. Mr. Nick Gilpin told me to go by there; he was night foreman, and he had some work that he wanted Davis to do, and told me to go by and get him. I never did get to his house, because an automobile ran over me, and I never did get to tell him what Mr. Gilpin told me to. I had called men to go to work on the way home lots of

times before this—this wasn't the first time that ever had happened."

On cross-examination he stated that he was injured on Buchanan avenue, a public street in the city of Texarkana, inside of the city limits. Will Davis lived on Capp street, about one block from where plaintiff lived. He further stated:

"If I had not been going to Will Davis' house, I would not have been going the same way. I would have gone down Jones avenue going home, but the way I was going was to his house —it was closer to his house that way than the way I go home. Going home I would have crossed Buchanan avenue one block further up —north. If I had been going home, I wouldn't have gone as far up Buchanan as I did—I would have gone down Jones avenue direct home, like I had been going. * * * When I got hit, I was going right over to Capp street."

The substance of the plaintiff's testimony was that he had left his work a little before his quitting time, and, at the request of his foreman, went out of his way to deliver the message to Davis, whose services were needed at the plant. He further testified that, if Davis had been unable to respond to the call, he would have gone back to the plant to notify the foreman. He intended, however, to go on home if he found Davis could go to the plant. The foreman, from whom Long received his instructions to call Davis, did not testify in the trial, and there was no evidence directly corroborating what Long stated. There was some testimony which tended to contradict his statements. But the jury had a right to accept as true the testimony of Long, and evidently that was done.

If what Long stated be true, then clearly he was injured while in the service of his employer, and was entitled to compensation. Consolidated Underwriters v. Breedlove (Tex. Com. App.) 265 S. W. 129; Beaudry v. Watkins, 191 Mich. 445, 158 N. W. 16, L. R. A. 1916F, 576. This is not a case in which the employee was injured on his way home, after having abandoned his work for the day. Here Long was still engaged in furthering the interest of his employer when injured. Crossing the public highway at the time and under the circumstances was a necessary incident to the performance of that service.

■ Objection is made to the explanatory portion of the court's charge, because it was—

"misleading and does not correctly give to the jury the law applicable to the facts in testimony in this case, and the meaning of such statute has been clearly and definitely defined and construed by the courts of Texas limiting such language to such an extent that it is wholly inapplicable as part of the charge under the facts in this case."

The explanation is in the language of the statute, and no special charge was presented asking for a more comprehensive definition.

■ Appellant requested the court to submit the following special charge:

"Did Willie Long, plaintiff, sustain the injuries complained of while crossing a public street in the city of Texarkana, Texas, on his way home from his work?"

The refusal to submit that interrogatory is assigned as error. It is undisputed that the injury did occur on a public street. It is also conceded that Long's ultimate destination that night was his home. He expected to go there after delivering the message to Davis. However, he was traveling out of his way in order to communicate with Davis. If the jury had answered the requested interrogatory in the affirmative, it would not have required a different judgment. Such answer would not necessarily have been inconsistent with the answer given to the other interrogatory, when considered in the light of the evidence. Hence there was no error in refusing to submit that issue.

In the judgment rendered the court makes these findings:

"The court finds from the evidence that the said Willie Long is totally and permanently incapacitated from labor and that his average weekly wage is the sum of $17.35 and that 60 per cent. of said average weekly wage is $10.41, and that the total compensation to which plaintiff is entitled, over a period of 401 weeks, is the sum of four thousand one hundred seventy-four and 41/100 ($4,174.41) dollars, beginning September 17, 1926.

"The court further finds that manifest hardship and injustice will be done the plaintiff unless said compensation is paid in a lump sum.

"The court further finds that the present value of four thousand one hundred seventy-four and 41/100 ($4,174.41) dollars, discounting the sum at 6 per cent. from this date until maturity of every installment, is the sum of three thousand eight hundred twelve and 18/100 ($3,812.18) dollars."

■ In their brief and oral argument counsel for appellant contend that the court erred in failing to submit to the jury the issue of total and permanent incapacity. While they concede that there was no request for the submission of that issue, they insist that none was required. As supporting the proposition that this was a fundamental issue, which in jury trials could only be passed upon by the jury, they refer to the following cases: Norwich Union Ins. Co. v. Chancellor (Tex. Com. App.) 5 S.W.(2d) 494; Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591. In the Ormsby Case, Justice Pierson, after quoting from article 2190, which provides that upon appeal or writ of error an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment rendered, said:

"It has been held in a number of well-considered cases, and we think correctly so, that the above-quoted provision of the statute does

not apply to issues in the case which are independent causes of action in themselves or controlling and independent grounds of recovery, or independent grounds of defense, but that it applies only to such omitted issues as are in accord with, and supplemental or incidental to, and which support, the issues of fact which were submitted and found by the jury, and upon which the judgment is based. It will be observed that the statute provides that such an issue not submitted and not requested is deemed 'as found by the court in such manner as to *support the judgment*,' but it does not provide that such omitted issue or finding shall in itself form the basis for the judgment as an independent ground of recovery, but only in *support* of the judgment properly found and based on a recoverable ground. The language used clearly implies that such unsubmitted and unrequested issues could not form an independent and original basis for the judgment, but only shall be found in such manner as to support the judgment. That this is the proper construction and meaning of article 2190 is made clear also by the provisions of articles 2185, 2186, and the first part of article 2190 quoted above."

In the present case there was evidence sufficient to warrant the finding that Long was totally and permanently incapacitated to follow the occupation for which he was fitted. Such incapacity was not pleaded as a distinct ground of recovery, but as a collateral matter affecting only the extent of his recovery. The injury sustained while in the service of his employer was the fundamental fact which formed the basis of his suit, or claim for compensation. The incapacity was merely a result of the injury, and the degree of incapacity determined only the amount of the compensation which should be awarded. We do not think the facts of this case bring it within the rule stated in the cases above referred to.

Appellant also complains of the admission of certain testimony. The record contains no bills of exception showing objections to the introduction of that testimony, and the assignments cannot be considered.

It is further contended that the court erred in the amount of the judgment. We are of the opinion that there is an error in computing the amount due. The judgment should be for $3,618.69, instead of $3,909.21.

It will therefore be accordingly reformed, and, as reformed, will be affirmed.

### On Motion for Rehearing.

In the motion for a rehearing, counsel for appellant insist that the judgment awarding a lump sum to the appellee was error, because that issue was not submitted to or passed upon by the jury. In the case of Texas Employers' Ins. Ass'n v. Wright, 4 S.W.(2d) 31, the Commission of Appeals held that the right to a lump settlement was

an independent issue, and where it was not submitted, nor requested to be submitted, in whole or in part, it was waived by the plaintiff, and the trial court has no authority to render judgment thereon in favor of the complainant. If the failure to submit that issue deprived the court of "authority" to render a judgment awarding a lump settlement here, the claim was fundamental, and should be noticed at any stage of the proceedings when it is called to our attention.

However much we may feel inclined to differ with the holding of the Commission of Appeals in the case above referred to, we feel it our duty to conform our ruling to a precedent which the Supreme Court has approved. The judgment of the trial court and the judgment of affirmance heretofore rendered in this case will therefore be modified, so as to award the appellee the sum of $10.38 per week for 401 weeks.