**TEXAS EMPLOYERS INS. ASS'N v. SCHWARZ et ux.**

**No. 3566.**

Court of Civil Appeals of Texas. El Paso. June 3, 1937.

On Motions for Rehearing July 1, 1937.

Second Motion Denied July 8, 1937.

Lea & Edwards, of El Paso, for appellant.

R. A. D. Morton and C. W. Croom, both of El Paso, for appellees.

WALTHALL, Justice.

This is a compensation case under the Workmen's Compensation Law.

Appellant brought this suit as insurer against appellees to set aside an award of the Industrial Accident Board of Texas, made to appellees, the surviving mother and father of Edwin E. Schwarz, the award made upon the allegation that Schwarz had been accidentally killed while in the course of his employment as route salesman for Midwest Dairies, and under alleged circumstances to give rise to liability upon the part of appellant as the insurance carrier for Midwest Dairies under the Compensation Act.

It was stipulated in open court by the litigating parties that Edwin E. Schwarz was killed by reason of an accident which occurred on June 6, 1936; that at the time of his death he was an employee of Midwest Dairies, which was insured by appellant under the Compensation Law; that the policy of insurance was in force; that appellees were the mother and father of the deceased; that during the year next preceding his death the deceased was employed by Midwest Dairies as route salesman, and was paid by the employer as wages or compensations the total sum of $1,821.92, "but that said Dairies charged him and he paid the sums during said year of $44.50 for bottle shortages and also the further sum of $111.50 for shortages in products handled, and further that said Schwarz himself paid his helper 50¢ per night, and further that the funeral expense incurred by reason of the death of said Edwin Edmund Schwarz is $964.47," and that the accident causing his death occurred at 5:18 a. m., June 6, 1936, in El Paso county, Tex.

Appellees answered by cross-action in proper form and asking that they have judgment against appellant for the sum of $20 per week for 360 weeks beginning June 6, 1936, with interest on all past installments, and appellant be compelled to redeem its liability in a lump sum, and that one-third of their recovery be awarded to their attorneys of record, and for costs.

The case was submitted to a jury on special issues, and on the jury's verdict as returned judgment was entered.

The court found that under the stipulations as above the deceased earned and was paid by his employer during the year next preceding his death the total sum of $1,821.-92; that during said year deceased paid his employer (Midwest Dairies) for bottles short $44.50, for products short $111.34, and for deceased's helper a total of $182.50 for the year, and deducted said items before calculating the average weekly wage, and adjudged that appellees recover of appellant compensation at the rate of $17.11 per

week for 360 weeks from June 6, 1936; that 27 weekly installments had accrued aggregating, with interest, a total of $469. To the reduction of the above items appellees excepted.

The court found that appellees had paid funeral expense of deceased in the sum of $250, and deducted said amount and reduced the future weekly installments to 312; the court fixed and allowed the attorney's fee; the court set aside the award of the Industrial Accident Board and taxed appellees with all cost.

Appellees excepted to the action of the court in deducting each of the above three items from the annual earnings of deceased before calculating the compensation, and also as to the taxing of costs.

The court overruled appellant's original and amended motions for a new trial, and appellant appeals.

## Opinion.

The court submitted only one issue to the jury. It is as follows:

"Question No. One:

"Do you find from a preponderance of the evidence that at the time Ed Schwarz met his death he was engaged in performing the duties of his employment as route salesman for the Midwest Dairies? Answer yes or no."

The jury answered "Yes."

We will not repeat, but will refer to the stipulations made by the parties in open court, and stated above.

The point submitted by appellant is that the court erred in overruling appellant's motion for a directed verdict for the reason that the evidence wholly fails to show that the injury which resulted in the death of Ed Schwarz was sustained by him in the course of his employment as a servant of Midwest Dairies.

The exact point submitted by appellant is that the evidence does not show that the injury sustained by Ed Schwarz resulting in his death was sustained "in the course of his employment," in that the injury sustained did not have to do with and originate in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere, as provided in second subdivision 4 of section 1, of article 8309, R.C.S.

Appellant's insistence is that the evidence does not show the injury to Schwarz had to do with his work as route salesman for his employer on his route No. 32, and that the evidence does not show that Schwarz's injury was received while he was engaged as route salesman on his route.

■■ We have reviewed the evidence in its entirety, but will briefly state only such parts of it as seem to us to be sufficient to justify the submission of the issue to the jury.

As stipulated, deceased, at the time of his death, was an employee of Midwest Dairies; he was killed by reason of his individual car, in which he was riding, coming in collision with a street car at the intersection of Pershing drive and Copia street. His duties were substantially as follows: He was a route salesman; his duties were delivering, collecting, and soliciting business on his route; he was required to be on duty from about midnight until about noon the next day, and was considered to be on work during those hours. He was on a commission basis. His employer handled milk, butter, eggs, cream, orangeade, chocolate, cheese, and seasonable fryers. Schwarz would generally take out on his midnight route the full load, would get seasonal products such as fryers on special orders by coming back to the plant for them; early in the morning after most of the route had been completed, Schwarz would go back to the plant for these extras; he would leave the wagon in charge of his helper who would continue and complete the regular deliveries, and the helper and Schwarz would return to an agreed point and complete the deliveries.

Schwarz's territory or route comprised a part of Government Hill district from Trowbridge street on the south, beginning at block 3500 on Pershing drive and extending north to block 4700 on Pershing drive, and extending east including Trowbridge, Oxford, and Cumberland streets.

On the night in question an order for a fryer was found in an empty milk bottle. Schwarz and his helper continued to make regular deliveries until about 3:55 a. m., when the helper telephoned for a taxi to come out for Schwarz to take him to the plant for a fryer, the helper to continue making deliveries and wait for Schwarz at a point in Schwarz's district agreed upon, a few blocks easterly from the intersection of Pershing drive and Copia streets, at which intersection, while going easterly toward the

place of meeting with the helper, Schwarz was killed at 5:18 a. m., while driving his own car. On other occasions the taxi driver had taken Schwarz from his district to the plant and to Schwarz's place; on this occasion to Schwarz's place, where Schwarz got his own car. The record shows that the plant had no fryer that night; it does show that Schwarz did not call at the plant for a fryer, but does not show whether Schwarz went to the plant for one. If the evidence showed that Schwarz had turned aside from the employment of his employer and while so turned aside received the injury resulting in his death, he could not recover compensation under the Compensation Act.

The evidence as found in the record is not uncertain as to why Schwarz called the taxi and was away from his route for a time; the facts are confusing and more or less uncertain as to what he was doing from that time until he came in collision with the street car. If he had turned aside for a time from his duties as route salesman, he did not, while doing so, receive the injuries that caused his death. We think the evidence would fairly justify the finding that, at the time of his collision with the street car, Schwarz was then on his way to the place where he was to rejoin his helper and resume his duties on the wagon as route salesman. His duty as route salesman was continuous and not periodical; he was not expected to return his horse and wagon to the plant before 10:30 a. m. of that day.

■ The risk or danger to Schwarz in going to the place of his employment is a risk reasonably inherent in or incident to the conduct of the employer's business. Cassell v. United States F. & G. Co., 115 Tex. 371, 283 S.W. 127, 46 A.L.R. 1137.

■ To entitle the employee to recover under the compensation act it is not essential that the cause of the injury should arise out of some act of the employment itself, in the sense in which the term is used; that is, the cause of the injury is not restricted or confined to the exact duties prescribed for the employee, but whatever may be incidental to or connected with what the employee must do within the period of the employment must necessarily belong to the employment. United States Casualty Co. v. Hardie (Tex.Com.App.) 299 S.W. 871, in affirming Id. (Tex.Civ.App.) 294 S.W. 672. The above statement is well illustrated in Consolidated Underwriters v. Breedlove, 114 Tex. 172, 265 S.W. 128, where Breedlove, an automobile mechanic, at the time he received his injury, was driving along the public street in his own automobile, going from his home from his noon meal, back to the place of business of his employer. The court held on a certified question, that he was injured while "in the course of his employment." Other cases we have reviewed, and to which we refer without comment as illustrating and sustaining what we have said, are Texas Employers' Ins. Ass'n v. Herron (Tex.Civ.App.) 29 S.W.(2d) 524; Commercial Casualty Co. v. Strawn (Tex.Civ.App.) 44 S.W.(2d) 805; Jones v. Casualty Reciprocal Exchange (Tex.Civ.App.) 250 S.W. 1073; Maryland Casualty Co. v. Long (Tex. Civ.App.) 9 S.W.(2d) 458; Employers' Indemnity v. Kirkpatrick (Tex.Civ.App.) 214 S.W. 956.

■ Appellees by cross-assignments complain that the trial court deducted from the total yearly wage of Schwarz, admitted to have been earned and paid him by his employer, the item of $44.50 for bottles short, $111.34 for products short, and item of $182.50, amount paid by Schwarz to his helper, and taxed appellees with costs.

Schwarz was charged with everything he took from the plant of his employer, and credited with everything he reported as delivered to customers and things returned to the plant. The court deducted the above items and calculated the weekly compensation after making such deductions and arrived at the figure of $17.11 per week.

Section 1, subdivision 4, article 8309, R.C. S., provides: "Said wages shall include the market value of board, lodging, laundry, fuel, and other advantage which can be estimated in money, which the employe receives from the employer as part of his remuneration. Any sums, however, which the employer has paid to the employe to cover any special expenses entailed on him by the act of his employment shall not be included."

Schwarz was paid by his employer annual wages on a commission basis for the year preceding $1,821.92. In determining the annual weekly wages the trial court deducted from the total sum of $1,821.92, earned by the employee and paid him by his employer, the three items, and on the basis of the sum thus reduced fixed the weekly wages.

The article of the statute above quoted enumerates the items which shall be included in fixing the wages, and the items which shall not be included, though paid to the employee. We have concluded that the items deducted by the trial court as those which

the statute provides shall not be included, were properly deducted.

■ We think the court was in error, however, under Southern Surety Co. v. Hendley (Tex.Civ.App.) 226 S.W. 454, and Southern Surety Co. v. Lucero (Tex.Civ. App.) 218 S.W. 68, in taxing the costs against appellees.

The costs should have been taxed against appellant, and we here reverse the judgment as to that feature, and tax the costs in both courts against appellant.

Other than the above as to taxing the costs, the case is affirmed. Reformed in part, and, as reformed, affirmed.

On Motions for Rehearing.

We adhere to our original opinion on the matters discussed in appellant's appeal, and overrule its motion for a rehearing.

■ On a further consideration of appellees' cross-assignments we have concluded that we were in error in deducting the item of $182.50, the amount paid by the deceased, Edwin Schwarz, to his helper, in calculating his weekly compensation.

We have concluded that the item of $182.-50, though paid by the employer to Edwin Schwarz, should not be deducted from the total yearly wage in arriving at the weekly compensation rate, thus raising the weekly rate to $19.22. Other than as above, the motion is overruled.