HELTZELL v. THE CHICAGO & ALTON RAILROAD COMPANY et al., Appellants.

1. **Railroad**: LIEN OF MATERIAL MEN: NOTICE, SERVICE OF, UPON CORPORATIONS. In the absence of any statutory mode of service of a notice upon a corporation, when it cannot be had upon the chief officer or managing agent, service upon any officer, whose official relation to the governing body, or managing agent, or chief officer, would make it his duty to communicate the notice, will be sufficient. The secretary is such an officer.

2. ——: ——: LIMITATION. Where materials are furnished for the construction of a railroad in car-load lots, under separate and independent orders, no lien therefor can be acquired under article 4, chapter 47 of the Revised Statutes of 1879, for such car-loads as were furnished more than ninety days before the filing of the account claimed to be a lien, although others were furnished within that time.

3. ——: ——. Materials furnished to a contractor for, and used by him in the construction of, a railroad, are to be regarded as furnished to the railroad.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*Macfarlane & Trimble* for appellants.

If all the materials are furnished under one contract, or one request, one indivisible lien will be created, but when under several contracts or requests, each separate contract becomes a separate lien. It was a question of fact, to be submitted under proper instructions, whether there was only one contract or whether each load was a

separate contract.    *Stine v. Austin*, 9 Mo 554 ; *Viti v. Dixon*, 12 Mo. 482; *Livermore v. Wright*, 33 Mo. 31 ; Phillips Mec. Liens, §§ 324, 326 ; *Merchard v. Cook*, 4 Greene (Iowa) 115; *Diller v. Burger*, 68 Pa. St. 432.

*S. M. Smith* for respondent.

HOUGH, C. J.—The Kansas City, St. Louis & Chicago Railroad Company is the owner of a railroad extending from Mexico, Missouri, to Kansas City, Missouri.    The Chicago & Alton Railroad Company was the contractor for building said road, and is now the lessee thereof ; Moraghan, Sims & Co. were sub-contractors under the Chicago & Alton Railroad Company for building a portion of said road ; and this suit was brought against said sub-contractors, contractor and lessee, and owner, to recover the price of 460 barrels of cement sold by the plaintiffs to said Moraghan, Sims & Co. to be used in the construction of said road, and to establish a lien on said railroad therefor under the statute.    The trial was before the court without the aid of a jury, and resulted in a verdict for the plaintiffs for $900.

The return of service of notice of the lien on one of the defendants, is as follows :    " Served this notice in the city of St Louis on the 5th day of October, 1878, by delivering a copy thereof to R. P. Tansey, secretary of the Kansas City, St. Louis & Chicago Railroad Company, the president thereof being absent from the city and could not be found."    (Signed) "John Finn, sheriff city of St. Louis."

Six cars of cement containing eighty barrels each, and one car containing sixty barrels, making in all 540 barrels were furnished by the plaintiffs to the sub-contractors, of which forty or fifty barrels were returned by said sub-contractors to themselves at St. Louis.    The testimony shows that all the cement charged for in plaintiffs' account was used in the construction of the road, and that part thereof

was furnished more than ninety days before the 10th day of October, 1878, the day on which the lien was filed. There was also testimony tending to show that each car-load was a separate and distinct purchase.

The principal questions presented for determination relate to the service of notice on the Kansas City, St. Louis & Chicago Railroad Company, and the action of the court in refusing instructions numbered eight and ten, asked by the defendant, which are as follows:

8. If each bill of cement was furnished Moraghan, Sims & Co., by plaintiffs under a separate contract, then no such bill can constitute a lien on the railroad, unless it was furnished within ninety days next before the 10th day of October.

10. If the cement was ordered in car-load lots, each order being separate and independent of any other, and in like manner each invoice became due and payable upon shipment, or in any particular time after, then they were separate and distinct transactions, and not one contract, and the rule of the last item in the account giving life to the whole account, does not apply, and no lien exists for any material furnished more than ninety days prior to October 10th, 1878.

It is provided by law how and upon whom all writs of summons and all notices, orders and rules in the progress of any cause directed to a corporation, shall be served; but there is no statute of this State prescribing upon what officer, or officers of a domestic corporation notices shall be served which are required by law to be served before the institution of a suit in order to fix a lien or give a right of action. In the absence of any legislative enactment providing how such notices shall be served, it would seem reasonable to hold that when service cannot be had on the chief officer, or managing agent of the corporation, service on any officer whose official relation to the governing body or managing agent or chief officer of the corporation, would make it

*1. RAILROAD: lien of material men: notice, service of, upon corporations.*

his ·duty to communicate such notice to such body, agent or officer, will be sufficient. We regard the secretary of a corporation such an officer, and, therefore, hold the service of notice therein recited to be sufficient.

The two instructions above set forth should have been given, as they announce correct principles of law, and

2. _____. _____: there was sufficient testimony upon which to
limitation. base them. *Livermore v. Wright*, 33 Mo. 31; *Allen v. Frumet Mining and Smelting Co.*, 73 Mo. 688.

It has also been contended in argument that as the law only gives a lien for the materials furnished to the rail-
3.·_____:_____. road company, whose road is being constructed, the plaintiff could acquire no right to a lien for materials furnished by them to the sub-contractors, Moraghan, Sims & Co. Materials furnished to a contractor for the construction of a railroad, and used by him in the construction of such road are in the eye of the law furnished to the railroad.

For error committed by the court in refusing to give the 8th and 10th instructions, asked by the defendants, the judgment will be reversed and the cause remanded. The other judges concur.