M. D. HELTZELL ET AL., Appellants, v. CHICAGO &
ALTON RAILWAY COMPANY; KANSAS CITY, ST.
LOUIS & CHICAGO RAILWAY COMPANY, and REED
& TAYLOR, Respondents.

*Kansas City Court of Appeals, January 25, 1886.*

1. MECHANIC'S LIEN—MATERIAL MEN—MATERIALS NOT USED IN CON-
STRUCTION.—Where materials were furnished to a contractor in the
construction of a railroad, and only *part* of such materials was
used in the construction of the road, the lien was only good for
such materials as were actually used in the construction of the rail-
road.

2. ——— ——— FURNISHING UNDER ONE CONTRACT—TIME OF FILING
LIEN IN RUNNING ACCOUNT.—Persons who sell materials to a con-
tractor are entitled to a lien, if the lien account was filed more
than ninety days after such materials were furnished and delivered,
by reason of the fact that other materials were furnished and de-
livered by them *within* the ninety days, *provided* all was furnished
under one contract in a running, open account. Whether the fur-
nishing was under *one* contract, or under *different*, distinct con-
tracts, is a question of fact for the jury, under the evidence, with
proper instructions.

APPEAL from Audrain Circuit Court, HON. ELIJAH
ROBINSON, Judge.

*Reversed and remanded.*

The case is sufficiently stated in the opinion of the
court.

SAMUEL N. HOLLIDAY, and FORRIST & FRY, for the
appellants.

I. Where the trial is by the court, and there is no
dispute as to the facts, matters of law necessarily passed
on by the court in arriving at its conclusion, are subjects
of review in the appellate court, although no instructions
were asked or given. *Walter v. Ford*, 74 Mo. 195;
*Henry v. Bell*, 75 Mo. 194. It is not material whether
a part of the cement furnished was not used; but if it

is, the evidence on that point is conclusive. Mechanic's lien laws "are highly remedial in their nature, and should receive a liberal construction." *De Witt v. Smith*, 63 Mo. 263.

II. The plaintiff's account having all been furnished under one contract, they are entitled to a lien for all of it, even though one car load had been furnished ninety-seven days before the lien was filed. *Stine v. Austin*, 9 Mo. 554; *Viti v. Dixon*, 12 Mo. 479; *Livermore v. Wright*, 33 Mo. 31; *Allen v. Frumet, etc., Co.*, 73 Mo. 688; *Fulton Iron Works v. North, etc., Co.*, 80 Mo. 265. This point has *always* been so held by *our court*, and it is impossible to do justice to the decision of the lower court in this case, and at the same time to confine one's self to the use of decorous language.

III. The court should have given plaintiff's lien for the sixty-six barrels of cement, because the evidence did not warrant the finding that it had not been used in the construction of the road, and because the cement was "furnished to a railroad company under or in pursuance of a contract with a contractor." Rev. Stat., sect. 3200; *Morrison v. Hancock*, 40 Mo. 561. The "modifications," referred to in *Garth v. Collier* (60 Mo. 587), were not carried into the railroad law. In railroad liens it is not even necessary to make the contractor a party. Rev. Stat., sect. 3206.

McFarlane & Trimble, for the respondents.

I. Persons who sell materials to a contractor are not entitled to a lien unless the material furnished is used in the construction of the railroad. *Fitzpatrick v. Thomas*, 61 Mo. 516; *Schulenberg v. Insurance Co.*, 65 Mo. 298; *Deardorff v. Everhart*, 74 Mo. 37.

II. Persons who sell materials to a contractor, to be used in a railroad, are not entitled to a lien, unless they file their lien account within ninety days from the time the material was so *furnished and delivered*, and the fact that other material was subsequently furnished does not extend the time for filing the lien. *Spencer v.*

*Burnett*, 35 N. Y. 97; *Post v. Campbell*, 83 N. Y. 281; *Sandval v. Ford*, 55 Iowa 461; *Heltzell v. C. & A. R. R. Co.*, 77 Mo. 315.

III. The *railroad lien law* provides that the lien shall attach from the date of the commencement of the work, or from the time the materials were *furnished* or *delivered;* (sect. 3201, Rev. Stat.), and the lien must be filed within ninety days after the completion of the work, or after the materials were furnished. It is evident that the legislature *intended* fixing a time different from that fixed in the *mechanic's* lien law, under the interpretation given it by the courts, since different language is used. This law requires the account filed to give the *dates* at which the materials were furnished, which is not required by the mechanic's lien law, and which is quite significant.

ELLISON, J.—This action is to enforce a lien against the Kansas City, St. Louis & Chicago Railway Company, for material furnished in its construction. The Chicago & Alton was the contractor to build it, and is now lessee thereof. Reed & Taylor were sub-contractors under the Chicago & Alton, and, as such, purchased the material here sued for and claimed as a lien.

The evidence showed that eighty barrels of the material were actually furnished, more than ninety days before plaintiffs filed their lien account. The evidence tended to show that sixty-six barrels of the material were not used in the construction of the road. The evidence further tended to show that all the material (Louisville cement), was furnished under one contract, at an agreed price, to be actually delivered as agreed therein.

The court tried the case without a jury, and refused to enforce the lien for the sixty-six barrels and the eighty barrels mentioned above, but did render judgment for the enforcement of the balance.

No instructions were asked by defendants, and the following were refused for plaintiff:

"2. If the cement was sold to Reed & Taylor,

under one contract, and used in defendant's road, then plaintiffs acquired a lien on defendant's road for the amount of the same, if the last item of the account was furnished within ninety days next before the tenth day of October, 1878."

"3.   If the cement in question was sold by plaintiffs to Reed & Taylor, and furnished them on a running, open account, and used by Reed & Taylor in construct- ing said railroad, then plaintiffs acquired a lien on said railroad for all of said account, provided the last item of the account was furnished within ninety days next before October 10, 1878."

There are only two questions presented by the record in this case, viz. :

1.   Are persons who sell materials to a contractor entitled to a lien, if the materials furnished are not used in the construction of the railroad ?

2.   Are persons who sell materials to a contractor entitled to a lien if the lien account was filed more than ninety days after such materials were furnished and de- livered, by reason of the fact that other materials were furnished and delivered by them within the ninety days, provided all was furnished under one contract, in a run- ning open account ?

The first question we answer in the negative, and the latter in the affirmative.

The case of *Morrison v. Hancock* (40 Mo. 561), as it is generally understood, would support plaintiff on the first proposition, but that case has never been thought to be in accord with some of the fundamental principles of law, and was finally overruled in *Deardorff v. Everhart* (74 Mo. 37).   While the court in this latter case ex- pressly overrule it, as to the declarations of the con- tractor being evidence against the owner, it also says : "The first instruction asked by defendants and refused, declared the law as now well settled by this court." The first instruction (page 38), declared, that the lien was only good for such materials as were *actually used in the buildings*.

As there was evidence in the cause tending to show that the several lots of cement were furnished under one contract, and not under different, distinct contracts, the instructions offered by plaintiffs should have been given. It was a question of fact, to be decided under the evidence. The court should not have excluded it from its consideration, as it seems to have done, by refusing the instructions. *Livermore v. Wright*, 33 Mo. 31 ; *Allen v. Smelting Co.*, 73 Mo. 688 ; *Fulton Iron Works v. Smelting Co.*, 80 Mo. 265. When a cause is tried before the court without a jury, instructions will generally be considered of little moment in an appellate court, except for the purpose of showing upon what theory the court below tried the case. The refused instructions would indicate that the court held the law to be that plaintiffs should file their lien within ninety days after each lot of material was furnished and delivered, regardless of whether it was all furnished under one contract or on a continuous, running account. We do not understand such to be the law. We think every inference to be drawn from the opinion in this case, reported in 77 Mo. 315, is against such view.

Counsel put cases in illustration of where, on a given state of facts, hardships would result to the owners of the property affected by the lien, under the view here taken. Doubtless, hardships may occur, as stated. Such will, of necessity, be the result, wherever the policy of such liens prevails.

The judgment is reversed and the cause remanded. All concur.