DALTON, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, Aplant.

St. Louis Court of Appeals, May 16, 1905.

1. **LIENS AGAINST RAILROAD: Notice: Service: Personal Service.** The notice of lien for work and material furnished a railroad company, required by section 4241 of the Revised Statutes of 1899, in the absence of a statutory direction as to the manner of service, must be personally served.

2. **———: ———: Service on Station Agent.** The service of such a notice on the station agent of the corporation against whose railroad the lien is sought, is insufficient because such station agent has no such official relation to the governing body of the corporation as would make it his duty to communicate notice to his principal.

3. ———: ———: **Personal Service.** The personal service of notice is service by delivery to the party sought to be served; and, therefore, mailing a copy is insufficient service of notice required by section 4241, Revised Statutes of 1899, although there is proof that the notice was received.

Appeal from Butler Circuit Court.—*Hon. Jas. L. Fort,* Judge.

REVERSED.

*L. F. Parker* and *James Orchard* for appellant.

(1)   Under the law a person seeking to enforce a lien against a railroad company must, within ninety days next after the last labor was performed, or the material furnished, file in the clerk's office a true copy of his account and must also serve a copy of said account on the person or corporation owning or operating or having charge of said road, or the property to which said lien attaches.   R. S. 1899, sec. 4241.   It will be observed that the statute makes no provision for serving this notice.   Where notice is required by statute without designating the method of service, personal service of notice is intended, and personal notice must be given by a delivery thereof directly to the person or corporation to be notified by delivering a copy to the person or corporation and not by delivering the original or a copy to his servants or a member of his family at his house. 15 Am. and Eng. Ency. Law, 135.   (2)   The notice required under mechanic's lien law cannot be served by leaving the original or a copy at the residence of the owner of the property to be charged, with a servant of the family.   Ryan v. Kelley, 9 Mo. App. 396.   (3)   It is true that in the absence of statutory mode of service upon a corporation, when it cannot be had upon the chief officer or managing agent, if served upon any officer whose official relation to the governing body or managing agent or chief officer would make it his duty to communicate

Dalton v. Railroad.

the notice, would be sufficient. A secretary is such an officer. Heltzell v. Railroad, 77 Mo. 483.

*F. D. Gebhardt* and *E. R. Lentz* for respondent.

(1) All the statute requires is that a copy be delivered to the defendant railroad company. It matters not how the delivery may be effected. Counsel for appellant now insist that there was no proof, that H. E. Johnson, upon whom the statement was served, was the agent of defendant railroad company. Suffice it to say that the return of the officer on the lien statement does show that it was served upon Johnson as agent of the defendant railroad company. This was prima facie sufficient. Besides no such objection was made when the lien statement was offered in evidence. Appellants will be confined here to the objections and exceptions taken in the court below. Newton v. Miller, 49 Mo. 298; Green v. Walker, 99 Mo. 68, 12 S. W. 353; Distilling Co. v. Lock, 59 Mo. App. 637; Boggs v. Laundry Co., 86 Mo. App. 616; Stark v. Geo. Knapp Co., 160 Mo. 529, 61 S. W. 669. (2) Counsel for appellant say that a delivery of the lien statement to Johnson, the station agent of defendant, is not a delivery to the company. Why not? Service of a summons upon the station agent is good service upon the company. It has been held that the delivery of the statement to any officer or agent of the company whose duty it would be to communicate such notice to the governing body or chief officer will be sufficient. Heltzell v. Railroad, 77 Mo. 317; Heltzell v. Railroad, 77 Mo. 483. (3) Delivery of the lien statement to the station agent of a foreign corporation is service upon the company. Morgan v. Railroad, 76 Mo. 176.

BLAND, P. J.—In the years 1901 and 1902, the Southern Missouri & Arkansas Railroad Company was constructing its railroad through Butler and Ripley counties, Missouri, and Randolph county, Arkansas, to

Pocahontas. I. M. Dittenhoefer contracted with the railroad company to construct its road. He sublet the building of the bridges, bent bridges and cattle guards from the city of Poplar Bluff, in Butler county, to Pocahontas, Arkansas, to J. H. McCarthy, who in turn sublet the building of the bridges, bent bridges and cattle guards from Poplar Bluff to the Missouri and Arkansas state line to William Baumhoefer. Baumhoefer's contract required him to begin the work on October 21, 1901, and to complete it on or before the fifteenth day of December following, and time was made the essence of the contract. He entered upon the performance of his contract, bought large lots of lumber, piling timbers, etc., completed some of the bridges and had others under way, but failed to complete the work in the time agreed upon and was unable to pay his work hands or the lumbermen who had furnished material, and McCarthy, sometime in January, 1902, either took entire charge of the work or put a number of his own hands to work with those of Baumhoefer who continued to work with Baumhoefer, under McCarthy's supervision, until the work was completed. A large lot of the lumber, tie timber, etc., bought by Baumhoefer, but mostly paid for by McCarthy, was used in the work. Baumhoefer claimed that he continued the work until April 9, 1902. Within ninety days of this date, for the purpose of acquiring a lien on the railroad, as provided by chapter 4, article 47, R. S. 1899, Baumhoefer filed his declaration and statement of his account in the office of the clerk of the circuit court of Butler county and undertook to serve notice of his account and the filing of the same on the defendant St. Louis, Memphis & Southeastern Railroad Company, who has taken over the property and franchises of the Southern Missouri & Arkansas Railroad Company. In due time after filing his lien, Baumhoefer commenced a suit in the Butler Circuit Court against both the St. Louis, Memphis & Southeastern Railway Company and the Southern Missouri & Arkansas Railroad Company

to foreclose the same. McCarthy was not made a party defendant to the suit. After commencing the suit Baumhoefer assigned his lien to James L. Dalton, who, on his own motion, was substituted by the court as party plaintiff in place of Baumhoefer. Dalton filed an amended petition, on which, with the answer of the defendant filed thereto and plaintiff's reply to the answer, the cause was tried, resulting in a verdict for plaintiff for four thousand dollars and in favor of his lien. Judgment was entered on the verdict from which an appeal was taken by defendant to this court.

Plaintiff made two efforts to serve notice of his lien account on the railroad company, both of which, it was claimed by the company on the trial, were ineffectual. The trial court overruled the objection and held that the service of the lien account was sufficient and admitted the same in evidence. Defendant duly excepted to this ruling and contends here that the service of the lien account was not good and for this reason the judgment should be reversed. The evidence shows that a copy of the lien account was delivered to H. E. Johnson, station agent of defendant at Poplar Bluff, by the sheriff of Butler county, on July 5, 1902; it also shows the following effort of plaintiff to serve defendant company, through the United States mail with a copy of the account and notice, and that the same had been filed for the purpose of acquiring a lien on the railroad:

"July 5, 1902.

"E. F. Blomeyer,

　　"Cape Girardeau, Mo.

"Dear Sir:

　　"I inclose you herewith copy of lien statement of William Baumhoefer against your road for the sum of $7,695.10, on account of piling, bridge and cattle guard work, the original of which was this day filed with the clerk of the circuit court of Butler county, Missouri.

　　　　　　　　"Very respectfully,

　　　　　　"(Signed)　　E. R. LENTZ.

"REGISTRY RECEIPT.

"Post Office at Poplar Bluff, Missouri.

"Registered letter (No. 51) of E. R. Lentz, addressed to E. F. Blomeyer, Cape Girardeau, Missouri.

"Received 7-7, 1902.                               P. M.

"(Postmark of Delivering office, Cape Girardeau, Missouri, July 9, 1902, 11:30 a. m., and date of delivery.)

"Post Office Department—Official Business.
"Penalty of $300.00 for private use.

"Return to (name of sender) E. R. Lentz (street and number or Post Office Box) Post Office at Poplar Bluff, Mo.   (County ————)   (State ————).

REGISTRY RETURN RECEIPT.

"Received from the Postmaster at Cape Girardeau '(delivering office) Registered Letter No. 51, from Poplar Bluff, Mo. (office of origin) addressed to E. F. Blomeyer (name of addressee).    Date (date of delivery) 190—. E. F. Blomeyer (name of addressee). Care Wm. A. J. Wild (Signature of addressee's agent).

"(When delivery is made to an agent of the addressee, both addressee's name and the agent's signature must appear in this receipt.)

"A registered article must not be delivered to anyone but the addressee, except upon the addressee's written order.    When the above receipt had been properly signed, it must be postmarked with name of delivering office and actual date of delivery and mailed to its address, without envelope or postage."

There was evidence tending to show that E. F. Blomeyer was the vice-president and general manager of the defendant St. Louis, Memphis & Southeastern Railway Company.

It is alleged in the petition that both of the defendant railroad companies are Missouri corporations.

Section 4241, R. S. 1899, in respect to this character of liens, provides:  "It shall be the duty of all persons claiming the benefit of such lien, within ninety days next

after the completion of the work, or after the materials are furnished, to file in the office of the circuit clerk of any county through which said railroad is located, a just and true account; . . . and it shall be the duty of all persons claiming said lien, within said ninety days, to serve a copy of the above account on the person or corporation owning or operating or having charge of said road or of the property to which said lien attaches." Neither this nor any other statute directs in what manner or upon what officer notice may be served on a domestic corporation. It has been repeatedly held that when notice is required by a statute and no manner of service is pointed out, personal service is meant. [Ryan v. Kelly, 9 Mo. App. 396; Conway v. Campbell, 38 Mo. App. 473; City of Sedalia v. Gallie, 49 Mo. App. 392; Langan v. Schief, 55 Mo. App. 213; Meyer v. Christian, 64 Mo. App. 203; Cosgrove v. Railroad, 54 Mo. l. c. 499; Allen v. Singer Manufacturing Co., 72 Mo. l. c. 328; Williams & Pearson v. Dittenhoefer, — Mo. —; Rathbun v. Acker, 18 Barb. (N. Y.) 393; Haldane v. United States, 69 Fed. 819; 21 Am. & Eng. Ency. of Law (2 Ed.), 583, and cases cited in note 3.

In Williams & Pearson v. Dittenhoefer, supra, the court, speaking of notice of a lien account which was attempted to be served on the Southern Missouri & Arkansas Railroad Company, one of the defendants, said: "Notice to the agent of a corporation is by fiction of the law notice to the corporation itself of matters within the scope of his agency and not otherwise. Such is the general doctrine of standard text-writers," citing Story on Agency (9 Ed.), sections 140, 140a; Angel & Ames on Corporations (11 Ed.), section 305; 1 Morawetz on Corporations (2 Ed.), sections 540b, 540c.

In Heltzell v. Railroad, 77 Mo. 315,. the Supreme Court said:

"In the absence of any statutory mode of service of a notice upon a corporation, when it cannot be had upon the chief officer or managing agent, service upon

any officer, whose official relation to the governing body, or managing agent, or chief officer, would make it his duty to communicate the notice, will be sufficient. The secretary is such an officer."

The only statutory provisions concerning service of notice on domestic corporations are found in section 998, R. S. 1899, which provides: "All notices, orders and rules to be served in the progress of any cause shall be served in like manner as in other civil cases." In other civil cases they are served upon the opposite party or his attorney. [Sections 586, 716, R. S. 1899.] However, these sections do not appear to have any bearing on the service of notice of lien accounts as such notice is not one to be served in the progress of any cause but for the purpose of acquiring a lien to be foreclosed in a suit to be thereafter commenced, and we think the lien account should be served on the defendant and that service on its attorney would not be good unless such matters came within the scope of his employment. In the Williams & Pearson case, supra, it was held that service of notice on Johnson, the station agent of the defendant corporation, was not good for the reason his duties were not such as to bring him within the reasoning of the rule announced in Heltzell v. Railroad, supra. On these authorities we conclude that the service of the notice on Johnson, as station agent, was unavailing and unless the defendant was served through the United States mail, the notice was not served at all, and the judgment should be reversed. As we have seen the service of the notice must be personal. The term "personal service" has a fixed and definite meaning in law. It is service by delivering the writ, notice or order to the defendant personally as contradistinguished from other modes of service, and thence does not include service by leaving a copy at the defendant's last known place of abode or by mailing a copy to him. [First National Bank v. Holmes, 94 N. W. 764; Moyer v. Cook, 12 Wis. 335; Ryan v. Kelly; City of Sedalia v. Gallie; Mayer v. Christian, supra.]

The case of Conway v. Campbell, supra, is directly in point. In that case the court ruled:

"Section 3898, Revised Statutes 1879, in so far as it provides that a notice from a surety on a bond, bill or note, to the holder thereof, may be served by the delivery of a copy to the person notified, contemplates a personal service, that is a delivery directly to the person notified, and is not satisfied by proof of the proper mailing of the notice, and receipt thereof through the post."

We conclude that the evidence shows affirmatively that the defendant was not legally served with a copy of the lien account and for this reason plaintiff did not acquire a right to foreclose his lien against the defend-. ant railroad company.

The judgment is therefore reversed. All concur.