GEORGIA CASUALTY CO. v. McCLURE.*
(No. 778.)

(Court of Civil Appeals of Texas. Beaumont.
March 22, 1922. Rehearing Denied
March 29, 1922.)

1. Notice ⬅➡10—"Personal service" necessary unless other method is prescribed.

Where a statute directing notice to be given is silent as to the manner of giving it, personal service is necessary, and personal service means service by delivering the notice to the defendant personally.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Service.]

2. Master and servant ⬅➡417(4½)—Compensation insurer's service of notice by mail insufficient.

Since Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, requiring an insurer which elects not to be bound by the decision of the Industrial Accident Board to give notice to the employee and the Board of such election without prescribing the method by which notice must be given, the service of the notice by mailing it by registered letter is insufficient.

3. Master and servant ⬅➡417(4½)—Objection to compensation insurer's service of notice by mail waived.

The failure of a servant to object to service of the notice of insurer's election not to be bound by the award of the Industrial Accident Board because it was made by mail waives the objection to the manner of service.

4. Master and servant ⬅➡417(4½)—Limitation against suit to vacate compensation award begins after receipt of "notice" by mail.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, requiring an insurer to bring suit to set aside a decision of the Industrial Accident Board within 20 days after giving notice of intention not to be bound, notice implies knowledge and means of knowing the fact, so that notice was not given when sent by mail until it was received by the injured servant, and a suit begun within 20 days after the receipt of the notice, but more than 20 days after it was mailed is in time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Notice.]

5. Master and servant ⬅➡373—Injuries in assault by fellow workmen held "arising out of and in the course of employment."

Where an employee was injured while he was still on the job, in a quarrel, when the injured employee was not the aggressor, but merely sought to defend himself, and was permanently injured when the brother of the employee with whom he had quarreled struck him over the head with a plank, his injuries were compensable as arising in the course of employment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

6. Master and servant ⬅➡391½, New, vol. 7A Key-No. Series—Penalty not allowable against compensation insurer unsuccessfully suing to vacate award.

Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45, providing that, if the insurer fails to pay the compensation awarded, the employer may secure judgment therefor, and in addition recover 12 per cent. of the amount of compensation as penalty and a reasonable attorney's fee, does not authorize the allowance of the penalty and the attorney's fee where the insurer exercised its statutory right to bring suit to set the award of compensation aside, but was unsuccessful.

7. Master and servant ⬅➡418(7)—Reformation of judgment in compensation case authorized.

Where the facts were fully developed in a suit to set aside an award by the Industrial Accident Board, and showed that the injured servant was entitled to the compensation allowed, judgment refusing to vacate the award because the suit was not begun in time, which was erroneous, and erroneously allowing the statutory penalty and attorney's fee, can be reformed on appeal by striking therefrom the erroneous allowance, and affirmed notwithstanding the erroneous reason therefor.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Suit by the Georgia Casualty Company against M. A. McClure, to set aside a decision of the Industrial Accident Board. Judgment for defendant sustaining a decision of the Board, and allowing damages and attorney's fee, and plaintiff appeals. Judgment modified by striking therefrom the allowance of damages and attorney's fee, and, as reformed, affirmed.

Frank S. Anderson, of Galveston, for appellant.

E. B. Pickett, Jr., of Liberty, for appellee.

O'QUINN, J. This was a suit brought by appellant, Georgia Casualty Company, against appellee, M. A. McClure, to set aside the final ruling and decision of the Industrial Accident Board rendered October 3, 1920, awarding appellee compensation at the maximum rate of $15 per week, beginning June 1, 1920, and continuing for a period of not to exceed 401 weeks from and after May 24, 1920.

Appellee answered, and alleged that, within 20 days after rendition of said final ruling and decision of the Industrial Accident Board, appellant gave written notice to the Industrial Accident Board and to appellee that it would not agree to and was not willing to be bound by said final ruling and decision of said Board, and that suit would be filed to set aside said final ruling and award; that said notice was given on the 3d day of November, 1920, and that appellant did not file suit to set aside said final ruling and decision within 20 days after giving said notice,

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted May 17, 1922.

as required by law, and also that appellant failed to abide by and comply with the terms and provisions of article 5246—44, Vernon's Ann. Civil Statutes 1918, and prayed for judgment against appellant for the full sum allowed by the Industrial Accident Board, $6,015, together with 12% damages on same and a reasonable attorney's fee, which was alleged to be $2,250.

Upon a trial before the court without a jury, judgment was rendered in favor of appellee for compensation for total incapacity at the maximum rate of $15 per week, beginning June 1, 1920, and continuing thereafter down to and including the date of the judgment, and to continue in the future unless altered or modified by the Industrial Accident Board, or by agreement between the parties approved by the Industrial Accident Board, but in no event to continue longer than 401 weeks, and allowing appellee the sum of $721.80 as 12% damages upon the full amount of compensation ($6,015), and the further sum of $2,000 as attorney's fees, to which said judgment appellant excepted, and has brought this appeal.

At the request of appellant the court filed his findings of fact and conclusions of law, which are:

### "Findings of Fact.

"(1) I find that the plaintiff, Georgia Casualty Company, is now, and was on the dates hereinafter mentioned, a foreign corporation organized under the laws of the state of Georgia, and duly licensed to transact business in this state, and that on the 24th day of May, 1920, the Higgins Oil & Fuel Company was a subcsriber to the Employers' Liability Act, and on that date carried a policy of insurance with the plaintiff, Georgia Casualty Company.

"(2) I find that on the 24th day of May, 1920, the defendant, M. A. McClure, was in the employ of said Higgins Oil & Fuel Company, and as such employee was covered by said policy of insurance issued by the plaintiff as a subscriber to said Employers' Liability Act.

"(3) I find that while in the employ of said Higgins Oil & Fuel Company the defendant, M. A. McClure, was engaged in the work of a fireman, and thus assisting on and before May 24, 1920, in the drilling of a well for oil in the Hull oil field in Liberty county, and had been so employed for about two months prior to May 24, 1920; that his hours of work were from 6 p. m. to 6 a. m. (This is evidently a mistake by the court, the recording disclosing that the defendant's hours of work were from 5:30 a. m. to 5:30 p. m., 10-hour shift); that on May 24, 1920, and for several weeks prior thereto, one Jim Hodge was the day (night) fireman, and the company's rules required him to come on duty at 6 a. m. (This is evidently a mistake, the record disclosing that he went on duty at 5:30 to 6 p. m., the court getting the hours of labor of the two employees interchanged), but for a number of days prior to May 24th said Jim Hodge had been arriving at his work late, thus requiring defendant, M. A. McClure, to remain on duty overtime, and on this date, May 24, 1920, said Hodge again arrived some 30 or 40 minutes late, and McClure complained at him for so doing, reminding him that he was expected to come on the work and relieve defendant at 6 a. m. (should be 6 p. m.), and that when he did so he forced defendant to remain on duty overtime, as defendant's duty required him to remain at work until relieved by the day (night) fireman; whereupon said Hodge replied in a rough manner substantially that he didn't care what defendant thought about it, as that he (Hodge) was not working for defendant, but for the company, and after the quick passage of a few remarks back and forth between them said Hodge assaulted McClure, and after such fight had been in progress a few moments Ed Hodge, a brother of said Jim Hodge, struck McClure a heavy blow upon the head with a large piece of timber, crushing his skull and knocking him unconscious; that this quarrel and difficulty occurred before defendant had quit his work as fireman, and he was still at his position on duty and engaged in and about his work near the derrick where his employer required him to be.

"(4) I find that, after being injured in the difficulty above mentioned, the defendant, M. A. McClure, remained in a hospital in Houston for about two months, and there is now a wound on his head covering a space of about two inches in diameter from which the skull bone was removed, and the only protection to the brain is the skin grown over such opening; that he is partly deaf, and the vision of his right eye has been materially damaged as a result of said injury, his weight is much reduced, his strength greatly impaired, and otherwise he has been weakened and rendered helpless to a great extent; and further I find that, as a result of said injury sustained by defendant as above set forth, he became totally incapacitated for work on May 24, 1920, and has continued to suffer said total incapacity down to and including this date, and will continue to suffer said total incapacity for an indefinite period in the future, and in all probability such total incapacity is permanent.

"(5) I find that the average weekly wages of the said M. A. McClure, on the 24th day of May, 1920, was the sum of $36.75, and therefore, under the Workmen's Compensation Act, he was entitled to compensation at the maximum rate of $15 per week.

"(6) I find that after the defendant, M. A. McClure sustained the injury above mentioned and described he made claim for compensation to the Industrial Accident Board, and that on the 22d day of October, 1920, said Board rendered its final ruling and decision upon said claim, such final decision awarding to defendant compensation for total incapacity at the maximum rate of $15 per week for 401 weeks, beginning June 1, 1920, and that thereafter, on, to wit, the 3d day of November, 1920, the plaintiff, Georgia Casualty Company, gave written notice to the Industrial Accident Board and to the defendant, M. A. McClure, that it did not agree to and was not willing to be bound by said final ruling and decision of said Board of date October 22, 1920, such notice to said Board and to defendant bearing date November 3d, 1920, and being mailed at Galveston, Tex., on that date, by plaintiff's duly authorized attorney, one copy of such notice being addressed to the Industrial Accident Board at Austin, Tex., and

one copy addressed to the defendant, M. A. McClure, at Hull, Tex., and both notices being mailed by plaintiff at Galveston, Tex., on November 3, 1920. And this suit was filed by plaintiff in the district court of Liberty county, Tex., on November 24, 1920.

"Conclusions of Law.

"(1) I conclude that the injuries received by defendant, M. A. McClure, as above found, were sustained by him while engaged in the course of his employment as fireman for said Higgins Oil & Fuel Company.

"(2) I conclude that the plaintiff, Georgia Casualty Company, failed to bring this suit to set aside the final ruling and decision made by the Industrial Accident Board on October 22, 1920, as above found, within 20 days after giving notice to said Board and to the defendant herein that he did not agree to and was not willing to be bound by such final ruling and decision, and therefore, having failed to bring this suit within such 20-day period, and having refused to obey or comply with the said final ruling and decision of the Industrial Accident Board, I conclude that judgment should be rendered by this court sustaining such ruling and final decision of such Board in its entirety, and also that the defendant, M. A. McClure, is entitled to recover the further sum of 12 per cent. as damages upon the amount of compensation so awarded to him by such final decision of the Industrial Accident Board, and also the additional sum of $2,000 as attorney's fees for the prosecution and collection of such compensation, and 6 per cent. interest on said sum of $2,000, and also upon the said 12 per cent. damages from this date until paid, such 12 per cent. damages amounting to $721.80, and also 6 per cent. interest from date of judgment upon all said weekly installments of $15 which have matured up to this date, all such weekly installments that hereafter accrue, and which are not promptly paid at the maturity thereof; and accordingly judgment in favor of defendant has been entered.

"J. L. Manry, Judge Presiding."

. Appellant's first proposition is:

"It was error for the trial court to find that appellant did not bring suit to set aside the final ruling and decision of the Industrial Accident Board within 20 days after giving notice of its unwillingness and the nonconsent to abide by such final ruling and decision, and upon such finding to render judgment in favor of appellee, because the undisputed testimony shows the appellant did bring suit to set aside such final ruling and decision within 20 days after giving notice of its unwillingness and nonconsent to abide by the same."

The undisputed facts show that the final decision and award of the Industrial Accident Board was rendered on October 22, 1920. On November 3, 1920, counsel for appellant, by registered mail, sent the following notice to the Industrial Accident Board and to appellee, to wit:

"To the Industrial Accident Board and M. A. McClure, Employee:

"Please take notice that Georgia Casualty Company does not agree to and is not willing to be bound by the final ruling and decision of the Industrial Accident Board made and entered herein on the 22d day of October, 1920, and that within twenty days after the service of this notice suit will be brought in some court of competent jurisdiction in the county where the accident occurred, to wit; in the county of Liberty and state of Texas, to set aside said final ruling and decision and for a trial de novo under the terms and provisions of the Employers' Liability Act of Texas. Frank S. Anderson, Attorney for Georgia Casualty Company. Dated November 3, 1920."

The record shows the receipt of this registered notice by the Industrial Accident Board on November 8, 1920, and by appellee on November 9, 1920. Appellee makes no contention that notice was not given, but contends that said notice was given on November 3, 1920, the date the said registered letters were mailed, and, not having been filed until November 24, 1920, more than 20 days had elapsed from the giving of notice until the filing of suit, and hence, as the law required the suit to be filed within 20 days after giving notice, the suit was too late, and, in effect, no suit. Appellant insists that the date of giving notice was the date of its actual receipt, and therefore that the suit was filed in time.

Article 5246—44, Vernon's Sayles' Civil Statutes, provides:

"All questions arising under this act, if not settled by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty days after the rendition of said final ruling and decision by said Board, give notice to the adverse party and to the Board that he will not abide ·by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employee or person suing on account of the death of such employee shall be against the association if the employer of such injured or deceased employee at the time of such injury or death was a subscriber as defined in this act. If the final order of the Board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board if it so desires, and the court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. ·In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act. If any party to any such· final ruling and decision of the Board,

after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at once comply with such final ruling and decision, and failing to do so, the Board shall certify that fact to the Commissioner of Insurance and Banking, and such certificate shall be sufficient cause to justify said Commissioner of Insurance and Banking to revoke or forfeit the license or permit of such association to do business in Texas."

[1] The article above quoted makes the giving of "notice" a condition precedent to the filing of suit, but does not prescribe the manner in which it shall be done. Where a statute directing notice to be given is silent as to the manner of giving it, personal service is necessary. 29 Cyc. 1119; 21 Am. & Eng. Enc. of Law (2d Ed.) 583; 20 R. C. L. p. 343, § 4; Haj v. American Bottle Co., 261 Ill. 362, 103 N. E. 1000, Ann. Cas. 1915A, 220; Reagan v. Wooten, 4 Willson, Civ. Cas. Ct. App. § 133. The expression "personal service" has a well-defined meaning. It means service by delivering the writ, notice, or order to the defendant personally, as contradistinguished from the other modes of service.

[2, 3] Article 5246—44, supra, does not undertake to prescribe the manner of service or of giving notice, and we do not know of any statute which would authorize the service or the giving of the notice in question by mail. Dalton v. Railway Co., 113 Mo. App. 71, 87 S. W. 610; McGhee v. Maxey (Tex. Civ. App.) 230 S. W. 735; Doak v. Biggs (Tex. Civ. App.) 235 S. W. 957. However, appellee made no objection to the service of notice, either as to its sufficiency or manner of service, thereby waiving any objection he may have been entitled to urge against same.

[4] As to when appellee was given notice, it may be said that generally a person can be said to have notice of a fact only when it is communicated to him in such way that his mind could and did take cognizance of it. It is elementary that by notice is included knowledge of and means of knowing the fact. Telegraph Co. v. Sheffield, 71 Tex. 575, 10 S. W. 752, 10 Am. St. Rep. 790. Therefore appellee had no actual notice that appellant did not agree to and was not willing to be bound by the decision of the Industrial Accident Board until he actually received the notice given by appellant, which was when he received the registered letter and became aware of its contents, which, according to the return registry receipt, was on November 9, 1920, and hence the suit was filed within 20 days after the giving of notice.

[5] Appellant's second proposition is:

"Appellee was not entitled to compensation because the injury sustained was not in the course of employment as defined by the Employers' Liability Act."

We think the assignment should be overruled. The appellee, at the time of receiving the injury, was on the premises and engaged in the business of his master, and the quarrel out of which the injury resulted had to do with and originated in the manner of performing the business of his employer. The quarrel arose between employees engaged in the same work, only working at different hours, and was about the manner of performing the work—was on the premises and during work hours, and while the injured party was still "on the job." The fact that the injury for which compensation is claimed was caused by the brother of the employee with whom the injured party was fighting cannot take the matter out of the law, for the injury occurred in an assault made on the injured employee the appellee not being the aggressor, but merely defending himself from an assault of his fellow workman. Heitz v. Ruppert, 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A, 344; Pekin Cooperage Co. v. Industrial Commission, 187 Ind. 564, 120 N. E. 130; 17 Neg. Comp. Cas. 962, note vii; Stillwagon v. Callan Bros., 224 N. Y. 714, 121 N. E. 893; Weekes v. William Stead, Ltd., 6 Neg. Comp. Cas. 1010; Employers' Indemnity Corp. v. Kirkpatrick (Tex. Civ. App.) 214 S. W. 956; Lumbermen's Reciprocal Ass'n v. Behnken (Tex. Civ. App.) 226 S. W. 154; Southern Surety Co. v. Stubbs (Tex. Civ. App.) 199 S. W. 346.

The assault by Ed Hodge on appellee was not because of reasons personal between him and appellee, but because of finding his brother, Jim Hodge, and appellee engaged in a fight he went to the assistance of his brother, and thus became engaged in the fight. There had not been any trouble between appellee and Ed Hodge. The reason given by Ed Hodge to appellee, while appellee was in the hospital, for striking him was that he (Ed Hodge) thought appellee was using a knife on his brother. It seems that they were friendly before and after the trouble. It also clearly appears that appellee made no attempt to unlawfully injure Jim Hodge; that he was not the aggressor in the trouble with Jim Hodge, but that he was defending himself from an assault by Jim Hodge.

[6] Appellant by its third proposition complains that appellee was not entitled to recover 12 per cent. damages on the amount awarded as compensation, nor the attorney's fees adjudged by the court.

Article 5246—45 provides:

"In all cases where the Board shall make a final order, ruling or decision as provided in the foregoing section 5 (article 5246—44) hereof, and against the association, and the association shall fail and refuse to * * * comply with the same and shall fail or refuse to bring suit to set the same aside as in said section 5 is provided, then in that event, the claimant in addition to the rights and remedies given him and the board in said section

5 may bring suit in some court of competent jurisdiction where the injury occurred, upon said order, ruling or decision, and if he secures a judgment in said court sustaining such order, ruling or decision in whole or in part, he shall also be entitled to recover the further sum of twelve per cent. as damages upon the amount of compensation so recovered in said judgment, together with a reasonable attorney's fee for the prosecution and collection of such claim.

"It is further provided that where the Board has made an award against an association requiring the payment to an injured employee or his beneficiaries of any weekly or monthly payments, under the terms of this act, and such association should thereafter fail or refuse, without justifiable cause, to continue to make said payments promptly as they mature, then the said injured employee or his beneficiaries, in case of his death, shall have the right to mature the entire claim and to institute suit thereon in any court of competent jurisdiction where the injury occurred to collect the full amount thereof, together with twelve per cent. penalties and attorney's fees, as provided for in the foregoing paragraph of this section. Suit may be brought under the provisions of this section of the act, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit."

This is the law under which appellee claims he is entitled to the 12 per cent. damages and attorney's fee. The facts of this case are too plain for cavil that this suit was not brought by the claimant, appellee, upon said final decision of said Industrial Accident Board for its enforcement, but that this is a suit by appellant for the purpose of setting aside said decision, as it is authorized to do by article 5246—44, and which said article does not in any manner provide for penalizing appellant in the event it is cast in the suit.

Judge Greenwood, in Southern Surety Co. v. Nelson (Tex. Sup.) 229 S. W. 1114, a very similar case, says:

"The purpose of penalties like those here involved is punishment for a civil wrong. It cannot be a wrong to exercise an unconditional and express statutory right. Section 5 of the act of 1913 conferred the right on any interested party to require suit to be brought for the determination of any question arising under the act which was not settled by agreement. Article 5246o, Vernon's Sayles' Civil Statutes of 1914 [now article 5246—44, supra]. The right was not qualified by imposing a penalty upon a party in the event of a determination adverse to him. In refusing to pay the claim of defendants in error until it was established in a court of competent jurisdiction, plaintiffs in error exercised a right plainly and unqualifiedly conferred upon them by the statute; and their act cannot be made the basis for the imposition of a penalty."

This assignment must be sustained.

[7] The case having been fully tried below de novo, and the facts fully developed and passed upon by the court, and it appearing that the decision and award rendered by the Industrial Accident Board was correct, and that the court below erred in holding that appellant did not bring suit within the time prescribed by law, and in allowing appellee 12 per cent. damages and attorney's fee, we will reform the judgment by striking therefrom the sums allowed as damages and attorney's fees, and as thus reformed the judgment will in all things be affirmed.

