## KAUFMAN v HUGHES et

Ohio Appeals, 9th Dist, Summit Co

No 2874. Decided April 22, 1937

ERRATA:—Headnote 2, Kaufman v Hughes, top of page 386 should read: 2. The term "personal service" as used in §11646 GC does not include the equivalent of personal service.

C. L. Case, Akron, for appellee.
I. S. Ballard, Akron, for appellants.

## OPINION

By STEVENS, PJ.

This action was originally brought in the Court cf Common Pleas against the defendants, Oscar L. Hughes and Harsha K. Hughes, for the recovery of a judgment upon a cognovit note in the amount of $500. Judgment was entered upon said note by the confession thereof against said defendants by Ernest L. Cunningham, an attorney at law; said confession of judgment being made by virtue of the warrant of attorney attached to said note. That judgment was entered July 31, 1931.

On August 26, 1936, which was a few weeks after said judgment had become dormant, a motion for a revivor thereof was filed in the Court of Common Pleas·of Summit County, together with an affidavit for service by publication upon said defendants. This latter service was claimed to be proper under and by virue of the provisions of §11646, GC. Upon hearing, the trial court entered an order of revivor of said judgment on November 13, 1936.

On December 24, 1936, a motion was filed by counsel for said defendants for an order quashing, setting aside and holding for naught the pretended constructive service made upon the plaintiff's motion for a revivor of the judgment originally entered in said action, and said motion to quash limited the entry of appearance of said defendants to the purposes of that motion alone.

The trial court on February 8, 1937, overruled the motion to quash said constructive service, and appeal upon questions of law brings the matter into this court for review.

Chapter 4 of Division II of Part Third of the General Code of Ohio is entitled "Commencement of Action." §11279 GC thereof, under the subheading of "Actual Service," and entitled "Summons to issue on petition," provides as follows:

"A civil action must be commenced by filing in the office·of the clerk of the proper court a petition, and causing a summons to be issued thereon."

Sec 11286, GC, entitled "Manner of service and return," provides as follows:

"The service shall be made at any time before the return day, by delivering a copy of the summons, with the indorsements thereon, to the defendant personally, or by leaving a copy at his usual place of residence * * *."

Sec 11287, GC, provides what is equivalent to service:

"An acknowledgment on the back of the summons or petition, by the party sued, or the voluntary appearance of a defendant, is equivalent to service."

·It will be observed that the statute differentiates between the different modes in which service may be accomplished, one of which modes is "by delivering a copy of the summons * * * to the defendant personally."

Sec 11646, GC, provides as follows:

"When either party to such dormant judgment or finding, his agent or attorney, makes affidavit showing that the adverse party is not a resident of the state, that such judgment or finding remains unsatisfied in whole or part and the amount owing thereon, service may be made by publication, as in other cases, **but only for judgments or findings in which personal service originally was made on the adverse party.**" (Emphasis ours).

"Personal service ordinarily means actual delivery of the process to defendant in person * * *."
50 C. J., Process, §57, p. 468.

"3. The word 'service,' when used with reference to summonses, writs, subpoenas, notices, and other legal processes, means

the reading of the same to the person to be served, or the delivery to such person of the original or a copy thereof; and the expression 'service of a notice,' without qualification of any kind, means a personal service of a written notice."

Clemons v State, 113 Pac. 238.

"2. The term 'personal service' has a fixed, definite meaning in law, and does not include service by leaving a copy at defendant's last-known place of abode, or mailing a copy to him."

Dalton v St. Louis, M. & S. E. Ry. Co., 87 SW 610.

"3. 'Personally served,' as used in §4229, Rev. Codes, means service upon the defendant personally and service by leaving a notice at the last and usual place of abode of the defendant is not personal service, but a substitute for it."

Brooks v Orchard Land Co., Ltd., 121 Pac. 101.

Many cases to the same effect might be cited, but the above quotations indicate the rule as generally recognized with reference to what constitutes personal service.

We are fully aware of the requirements of §11214, GC, with reference to the construction to be placed upon the contents of Part Third of the General Code; however, it appeals to us that no construction of the contents of §11646, GC, is necessary, because the wording used therein is perfectly plain, and the term "personal service," as used therein, undoubtedly was used by the legislature in its universally accepted meaning.

"2. But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

Slingluff et v Weaver et, 66 Oh St 621.

"It is equally well settled that where the words of a statute are plain, explicit and unequivocal and express clearly and distinctly the sense of the law-making body, there is no occasion to resort to other

means of interpretation. In such a situation the question is not, what did the general assembly intend to enact, but what is the meaning of that which it did enact? **D. T. Woodbury & Co. v Berry, 18 Oh St 456; Slingluff et v Weaver et, 66 Oh St 621; Hough v The Dayton Mfg. Co. et, 66 Oh St 427.**"

**Village of Elmwood Place v Schanzle, a taxpayer, 91 Oh St 354, at p. 357.**

"For obvious reasons, courts ought not to add uncertainty to the meaning and effect of the language used in an enactment by restricting the accepted and generally understood meaning of common words."

**Smith et v Buck, 119 Oh St 101, at p. 104.**

An application of the plain wording of that section to the facts presened herein, indicate the conclusion that a judgment takén upon confession by virtue of a warrant of attorney attached to the instrument furnishing the basis for said judgment is not a judgment "in which personal service originally was made on the adverse party"; and we are further of the opinion that, under the rule in reference to construction of statutes set forth in the foregoing citations, we are not justified in holding that the term "personal service," as used in §11646 GC, includes the equivalent of personal service.

Inasmuch as the original judgment was not obtained upon personal service upon the defendants, we hold there was no right in the trial court to issue an order of revivor where service of notice of the motion to revive was made by publication; that in issuing said order of revivor, the trial court erred to the prejudice of the appellants.

The judgment of the trial court is therefore reversed; and the facts not being in dispute, final judgment for the appellants is entered.

WASHBURN and DOYLE, JJ, concur in judgment.