LYON, Admr., Plaintiff-Appellant, v. TORIELLO AND O'NEIL TORIELLO, d. b. a. DIAMANTE TORIELLO AND SON, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3533.    Decided October 7, 1952.

Morgan, Powers & Cooper, Youngstown, for plaintiff-appellant.

Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

By consideration of the court of common pleas in September 1934 plaintiff's decedent obtained a judgment against defendant-appellee O'Neill Toriello, in an action filed in that court on March 1, 1933, in which resident service was obtained upon defendant; and in which he answered generally denying the allegations of plaintiff's petition, alleging contributory negligence, and not attacking service upon him.

On October 25, 1951, the court of common pleas issued an order reviving such judgment against defendant-appellee.

On November 8, 1951, defendant-appellee filed a motion to quash service of such order of revivor on the ground that defendant-appellee was a legal resident of California and a non-resident of Ohio.

Subsequently service was had by publication upon defendant-appellee at his usual place of residence in Los Angeles, California.

On February 4, 1952, defendant-appellee filed a motion to quash service on him by publication for the reason that personal service had never been had on him in the original action.

The trial judge sustained the motion to quash filed on February 4, 1952, saying:—

"This day this cause comes on for hearing on motion to quash service by publication, on consideration thereof the court sustains same on authority of **Kaufman v. Hughes, 24 Abs 385** and **143 Oh St 312**; Exception to Plaintiff. (This is a good example of the operation of an antiquated code of procedure. The statute involved (§11646 GC) being enacted in the days when transportation was by a team and wagon; this ruling is not just; but the courts' hands are tied by the legislative dead hand of the past.)"

Plaintiff appealed from the judgment of the trial court on the grounds "said court erred in sustaining the motion to quash service by publication filed by the defendant-appellee," and for "other errors by which this appellant was denied due process of law."

It is the contention of the plaintiff that the case of **Sears v. Weimer, 143 Oh St 312,** upon which the trial judge relied is distinguished from the case we review "in one respect only, and that is the original service was obtained by publication."

"When either party to such dormant judgment or finding, his agent or attorney, makes affidavit showing that the adverse party is not a resident of the state, that such judgment or finding remains unsatisfied in whole or part and the amount owing thereon, service may be made by publication, as in other cases, but only for judgments or findings in which personal service originally was made on the adverse party." **Sec. 11646 GC.**

"There is no substitute for personal service when personal service alone is required." **Sears v. Weimer, 143 Oh St 312 at 315.**

"The term 'personal service' as used in §11646 GC, does not include the equivalent of personal service." **24 Abs, 385, Kaufman v. Hughes.**

As indicated by the factual statement of this opinion summons in the original case was made on O'Neill Toriello at his usual place of residence and not served personally upon him: Such service does not constitute personal service.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.